**PENNSYLVANIA BANK AND TRUST COMPANY, Executor of the Estate of Ethel S. Brice, Deceased, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 78–1942.

United States Court of Appeals, Third Circuit.

Argued Feb. 23, 1979.

Decided April 25, 1979.

Frank Mast, Charles Weiss (argued), W. Rodgers Moore, Thorp, Reed & Armstrong, Pittsburgh, Pa., for plaintiff-appellant.

Robert J. Cindrich, U. S. Atty., Pittsburgh, Pa., M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Richard Farber, James A. Riedy (argued), Dept. of Justice, Washington, D. C., for defendant-appellee.

Before HUNTER and WEIS, Circuit Judges and MARKEY, Chief Judge of the United States Court of Customs and Patent Appeals.*

## OPINION OF THE COURT

MARKEY, Chief Judge.

Refund action by Pennsylvania Bank and Trust Co. (Bank), executor of Ethel S. Brice (Brice), to recover federal estate taxes. The district court held a power of appointment given to Brice was part of the estate, though Brice was at all times incompetent to exercise the power. We affirm.

## FACTS

Brice was the donee of a general power of appointment over a trust established by her husband's will. From a time prior to the grant of the power until she died, she lacked legal capacity to exercise that power. Brice's will stated an intention not to exercise the power. Brice's heirs contested her will, and the Bank settled by paying a total of $75,000 to five will contestants.

The Bank seeks to exclude from Brice's gross estate the value of the trust, to deduct the settlement amount, and to recover a resulting refund.

## ISSUES

The dispositive issues are (1) whether Brice's estate, for federal estate tax purposes, includes the value of the trust when she was at all material times legally incompetent to exercise the power of appointment, and (2) whether the payment made in settlement was a deductible administration expense.

## OPINION

Having considered the entire record, and heard oral argument, we agree with the judgment and well-reasoned opinion of Judge Marsh, reported at 451 F.Supp. 1296. Seeing no value in recasting that opinion in words of our selection, we adopt as our own its relevant portions, adding for completeness these comments.

## (1) POWER OF APPOINTMENT

Whether the cases relied on by the Bank, *Finley v. United States,* 404 F.Supp. 200 (S.D.Fla.1975), *appeal docketed,* No. 78–1066 (5th Cir. Jan. 3, 1978) and *Estate of Gilchrist v. Commissioner,* 69 T.C. 5 (1977), *appeal docketed,* No. 78–2400 (5th Cir. June 20, 1978),** are significantly distinguishable on their facts, they are without binding effect here. Moreover, they were in our view wrongly decided and should not be followed in this circuit.

The Bank's attacks on the cases referred to by the district court are without merit. That the donee in *Fish v. United States,* 432 F.2d 1278 (9th Cir. 1970) was competent for a period prior to death is irrelevant. I.R.C. § 2041(a)(2) makes the instant of death the critical time for ascertaining possession of a taxable power of appointment. In *Round v. Commissioner,* 332 F.2d 590 (1st Cir. 1964), the trust instrument terminated decedent's power upon his permanent incapacity, unlike the present instrument granting Brice an unrestricted power. Although the inability of the decedent in *Commissioner v. Estate of Noel,* 380 U.S. 678, 85 S.Ct. 1238, 14 L.Ed.2d 159 (1965), was due to particular circumstances other than an absence of legal capacity, that distinction provides no basis for reversal here.

■ In essence, the Bank's case founders on the shoals of the district court's statutory interpretation, with which we concur, i. e., that "exercisable" in I.R.C. § 2041 refers to the scope of the power set forth in the

* Sitting by designation.

** The tax court follows the court to which appeal lies. *Golsen v. Commissioner,* 54 T.C. 742 (1970). *Estate of Reid v. Commissioner,* 71 T.C. No. 74 (Feb. 15, 1979), relied on by the Bank, is, like *Finley, supra,* and *Gilchrist, supra,* appealable to the Court of Appeals for the

Fifth Circuit. In *Estate of Alperstein v. Commissioner,* 71 T.C. No. 32 (Dec. 6, 1978), from which appeal lies to the Court of Appeals for the Second Circuit, the existence of a power is held independent of the donee's capacity to exercise it.

granting instrument, not to the donee's actual capacity to exercise it.

The Bank's reliance on authorities not cited below is misplaced. *Estate of Minot v. Commissioner,* 45 T.C. 578 (1966) concerned a power created prior to October 21, 1942, and governed by I.R.C. § 2041(a)(1), unlike the present power, governed by I.R.C. § 2041(a)(2) and included in the gross estate whether or not exercised. *Estate of Stockdick v. Phinney,* 16 A.F.T.R.2d 6202 (S.D.Tex. June 14, 1965), holding that an incompetent surviving spouse cannot possess an "exercisable" power to qualify the interest for the marital deduction, is at odds with Treasury rulings consistently holding the mental capacity of a surviving spouse irrelevant. Rev.Rul. 75–350, 1975–2 C.B. 367; Rev.Rul. 55–518, 1955–2 C.B. 384. Moreover, in the authority relied on for the holding in *Stockdick, Starrett v. Commissioner,* 223 F.2d 163 (1st Cir. 1955), the trust instrument provided that the donee would lose certain rights upon becoming incompetent.

Final Treasury Regulation § 20.2041–3(b) (1958) omitted this sentence from the October 1956 proposed regulation:

> A power of appointment is considered to exist on the date of the decedent's death even though the decedent was at death and at all times since the creation of the power, under physical, mental or legal disability (whether or not adjudged incompetent).

The Bank says the omission reflected Treasury's determination that the sentence was contrary to congressional intent. However, the Internal Revenue Service memo relied on by the Bank expressly says the sentence was "consistent with a published Revenue ruling [Rev.Rul. 55–518, *supra* ]." Treasury's proposed regulations encompassed gift and estate taxes. Its proposal respecting gift taxes made competency relevant. The omitted sentence would have inconsistently made competency irrelevant with respect to estate taxes. Though present Treasury regulations respecting estate taxes are silent on the question of competency, the "inconsistency" has been

resolved against the Bank's position. Treasury's gift tax regulation, § 25.2503–4, promulgated November 15, 1958, and applicable to gifts made during 1955 and subsequent years, T.D. 6334, 23 Fed.Reg. 8904 (1958), provides that if a "minor is given a power of appointment . . . the fact that under the local law a minor is under a disability to exercise" the power "does not cause the transfer to fail to satisfy the conditions of section 2503(c)."

### (2) ADMINISTRATION EXPENSE

The Bank says the settlement payment is deductible because it preserved the estate against higher costs of a "nuisance" suit and constituted only 4% of the estate. But the statutes and regulations permit deduction for claims based on personal obligations of the decedent, I.R.C. § 2053; Treas. Reg. § 20.2053–4 (1958), not for payment to an heir claiming as such. The status of the claimant is the determinative factor, not whether the claim is meritorious or whether the amount paid be a large or small percentage of the estate. Employment of the latter considerations as tests of deductibility would be administratively unworkable.