Mrs. Claude M. WILLIAMS, Individually, etc., et al., Plaintiffs–Appellees, Cross–Appellants,

v.

UNITED STATES of America, Defendant–Appellant, Cross–Appellee.

No. 78–3797.

United States Court of Appeals, Fifth Circuit.

Jan. 22, 1981.

M. Carr Ferguson, Gilbert S. Rothenberg, Asst. Attys. Gen., Gilbert E. Andrews, Chief, App. Sec., James A. Riedy, Richard Farber, Tax Div., Dept. of Justice, Washington, D. C., for defendant–appellant, cross–appellee.

Robert Lee Bobbitt, Jr., San Antonio, Tex., Douglass D. Hearne, Austin, Tex., for plaintiffs–appellees, cross–appellants.

Before WISDOM, RONEY and HATCHETT, Circuit Judges.

PER CURIAM:

The controlling issue in this federal estate tax refund case is whether the pre–death incompetence of a decedent holding a general power of appointment permits exclusion from her estate of the property subject to that power. This Court has just decided that such property is includable in the decedent's estate under section 2041 of the Internal Revenue Code, 26 U.S.C.A. § 2041. *Estate of Gilchrist v. Commissioner*, 630 F.2d 340 (5th Cir. 1980). We therefore reverse the district court's decision for the taxpayer on the Government's appeal. That decision also resolves against the taxpayer a cross–appeal seeking to exclude from the estate the settlement paid to a stepson for his claim against the estate.

The decedent was left a life interest coupled with an *inter vivos* general power of appointment in all of her husband's property in 1957. In 1971 she was adjudicated incompetent by a Texas County court and remained so until her death in 1972. She never exercised her general power of appointment over the life estate.

In calculating estate taxes, the executrix excluded from the estate the property in the life estate. After a deficiency assessment by the Internal Revenue Commissioner, the tax was paid and this refund suit instituted. The district court, on cross mo-

tions for summary judgment, ruled for the taxpayer.

The case of *Estate of Gilchrist v. Commissioner*, 630 F.2d 340 (5th Cir. 1980), decided subsequent to the district court's decision in this case, and submitted to another panel of this Court prior to this submission, requires reversal. Section 2041 provides that a decedent's gross estate includes the value of all property over which the decedent has a general power of appointment at the time of her death, unless the power is limited by an ascertainable standard relating to the maintenance and support of the decedent. On almost identical facts, *Gilchrist* held that a general power of appointment remains "exercisable" within the meaning of section 2041 and the property includable in the decedent's gross estate even though the decedent is legally incompetent to exercise the power at the time of her death, and her guardian's ability to exercise the power is limited to the maintenance and support of the ward. The property remains includable unless the estate can show that the power could not be exercised at all on the holder's behalf by any person in any capacity.

Following decedent's death, her stepson alleged that certain jewelry, which decedent had considered her separate property, was in fact owned by decedent and her husband as community property and that the latter's share was subject to the stepson's remainder interest after termination of the life estate. This claim was ultimately settled for assets valued at $53,390.

The executrix sought to deduct from the estate the value of the property paid in settlement. She argues on appeal that if the jewelry in question in fact was community property, then the husband's share passed to the stepson as remainderman upon his wife's death and does not belong in her estate. This argument is premised on the idea that the property in which decedent had a life interest, which would include her husband's share of their community property, is not includable in the estate because decedent had no exercisable power of appointment over it at the time of her

death. This idea having been rejected, it is clear that the property involved in the stepson's claim was property subject to the power of appointment and therefore includable in decedent's estate.

REVERSED ON APPEAL; AFFIRMED ON CROSS–APPEAL.