**ESTATE of Clarence I. LILLEHEI, deceased.**

**James P. LILLEHEI, Executor, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

No. 80–1380.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 12, 1981.

Decided Jan. 28, 1981.

Richard D. Bunin, Minneapolis, Minn., for appellant.

M. Carr Ferguson, Asst. Atty. Gen., Michael L. Paup, Gary R. Allen, Jo-Ann Horn, Attys., Tax Div., Dept. of Justice, Washington, D. C., for appellee.

Before HEANEY, ROSS and ARNOLD, Circuit Judges.

PER CURIAM.

Appellant James P. Lillehei challenges the United States Tax Court's decision that he as executor of the Estate of Clarence I. Lillehei did not show reasonable cause for the late filing of the estate's federal estate-tax return.

This action was brought by the executor in the United States Tax Court to abate the assessment of penalties imposed by the Commissioner of Internal Revenue for late filing under sections 6651(a)(1) and (2) of the Internal Revenue Code of 1954. The case was tried at St. Paul, Minnesota, on March 26, 1979, before Judge Quealy. In Tax Court Memo 1979–464, filed on November 26, 1979,[1] Judge Quealy found that the executor had failed to exercise ordinary care[2] with respect to his duty to file a timely return, and therefore had not shown reasonable cause for late filing.

Clarence I. Lillehei died on October 5, 1973. Appellant James P. Lillehei was appointed executor of his father's estate on January 14, 1974. He retained the services of an attorney to handle the affairs of the estate, including the filing of all estate documents. Section 6075(a) requires that the federal estate-tax return be filed within nine months after the date of the decedent's death. The due date in this case was July 5, 1974. The return was not filed, however, until 34 days after the due date, on August 8, 1974. No request for an extension of the filing date was ever made.

At the trial of this case Dr. Lillehei asserted that his reliance on the estate's attorney to file the return on time constituted reasonable cause. Judge Quealy rejected this argument and held that an executor has a personal and nondelegable duty to ascertain the due date of the return and to insure that the attorney prepares and files the return on time. Appellant, who had previously been the executor of another estate, did not do so. He never inquired as to when the return was due, nor did he follow up with his lawyer to make sure the return was not filed late.

Having considered the arguments of the parties on appeal and having reviewed the record, we affirm the judgment of the Tax Court on the basis of that court's opinion. 8th Cir.R. 14.

---

1. Reported at P–H Memo T.C., para. 79,464 (1979).

2. Treasury Regulations on Procedure and Administration, Sec. 301.6651–1, provides that if a taxpayer uses ordinary business care and prudence and is still unable to file the return within the statutory time period, then the delay is due to reasonable cause.