650 F.2d 493
 81-2 USTC P 13,415
 William R. BOEVING, Leo Boeving and Charles M. Cable,
Trustees of the Ethyle Boeving Trust; and Joan
Boeving, Administratrix of the Ethyle
Boeving Estate, Appellees,
v.
UNITED STATES of America, Appellant.
 No. 80-1674.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 16, 1981.
Decided June 17, 1981.
 
 M. Carr Ferguson, Asst. Atty. Gen., Michael L. Paup, Ann Belanger Durney, James A. Riedy, Attys., Tax Div., Dept. of Justice, Washington, D. C., for appellant.
 James E. Reeves, Caruthersville, Mo., Ward & Reeves, Caruthersville, Mo., Charles Sampson Williams, Welman, Seabaugh, Beaton & Williams, Kennett, Mo., for appellees.
 Before HEANEY, STEPHENSON and McMILLIAN, Circuit Judges.
 HEANEY, Circuit Judge.
 
 
 1
 This appeal involves an estate tax refund claim for nearly $360,000 in taxes and penalties paid on the estate of Ethyle Boeving, who died intestate in 1973. The facts are uncontroverted: When Ethyle Boeving's husband died in 1961, he created in his will two trusts the Ethyle Boeving Trust and the William Boeving Trust. The terms of the Ethyle Boeving Trust were that Ethyle Boeving would have "the absolute right to appoint by her last will and testament the entire remaining principal of (the trust)." The Internal Revenue Service maintained that the trust property was subject to her general power of appointment at the time of her death and, therefore, the trust assets were includable in Ethyle's gross estate; it imposed the tax accordingly. See I.R.C. § 2041. In addition, the IRS imposed a penalty in excess of $67,000 because Ethyle's estate tax return was filed nearly ten months late. Joan Boeving, the Administratrix of Ethyle's estate, brought this suit for a refund. The district court 493 F.Supp. 665 ruled in favor of the estate. We reverse.
 
 1. Power of Appointment
 
 2
 Boeving contends that Ethyle did not have a general power of appointment at her death under Missouri law. Boeving's argument is based on the fact that Ethyle had been adjudicated incompetent in 1960, approximately five months before her husband's death. She was thus incompetent at all times after the trust was created. Under Missouri law, Boeving maintains, Ethyle's incompetency nullified the power of appointment granted to her by her husband's will. See O'Leary v. McCarty, 492 S.W.2d 124 (Mo.App.1973), overruled on other grounds sub nom. White v. Mulvania, 575 S.W.2d 184, 190 (Mo.1978). Consequently, she argues that it should not be treated as a valid power by the IRS.
 
 
 3
 The IRS argues that it should look only to the trust instrument itself to determine whether a power of appointment has been granted, not to the competency of the grantee under state law. It asserts that Congress could not have intended that the IRS go beyond the face of the documents; an examination into the competence of each grantee would impose an impossible administrative burden and would lead to great uncertainty and inconsistency in the tax treatment of powers created by trust agreements.
 
 
 4
 In recent years, the Courts of Appeals for five other Circuits have had occasion to consider the effect of the grantee's incompetency on the validity of a power of appointment. All have agreed that incompetency does not operate to nullify the power for purposes of applying IRC § 2041. See Williams v. United States, 634 F.2d 894 (5th Cir. 1981); Estate of Gilchrist v. Commissioner of Internal Revenue, 630 F.2d 340 (5th Cir. 1980); Estate of Rosenblatt v. Commissioner of Internal Revenue, 633 F.2d 176 (10th Cir. 1980); Estate of Alperstein v. Commissioner of Internal Revenue, 613 F.2d 1213 (2d Cir. 1979), cert. denied, 446 U.S. 918, 100 S.Ct. 1852, 64 L.Ed.2d 272 (1980); Pennsylvania Bank & Trust Co. v. United States, 597 F.2d 382 (3d Cir.), cert. denied, 444 U.S. 980, 100 S.Ct. 483, 62 L.Ed.2d 407 (1979); Fish v. United States, 432 F.2d 1278 (9th Cir. 1970). We see no reason to restate the detailed reasoning of those cases. We rely specifically on the opinion of the Second Circuit Court of Appeals in Estate of Alperstein, a case nearly indistinguishable from the one now before us, to hold that so long as a granting instrument contains language sufficient under state law to create a power of appointment exercisable in favor of the grantee, the property subject to that power is includable in the grantee's gross estate pursuant to IRC § 2041(a)(2), regardless of the grantee's inability to exercise that power by reason of legal incompetence.
 
 2. Penalty
 
 5
 Ethyle Boeving's estate tax return was filed on April 7, 1975, nearly nineteen months after her death and ten months after it was due. The district court found that the delay in filing the return "was due to 'reasonable cause' and not due to 'wilful neglect' within the meaning of 26 U.S.C. § 6651(a)(1) and (a)(2), so as to render the estate not liable for the penalty assessed under 26 U.S.C. § 6651(b)." The court based its conclusion primarily on the ground that Boeving had reasonably relied on the expertise of an attorney who was honestly mistaken as to the required filing date.
 
 
 6
 In our view, however, the district court's treatment of the taxpayer is precluded by the recent decision of this Court in Estate of Lillehei v. Commissioner of Internal Revenue, 638 F.2d 65 (8th Cir. 1981). The executor or executrix has a personal and nondelegable duty to file a timely return, and reliance on the mistaken advice of counsel is not sufficient to constitute "reasonable cause" for failing to fulfill that duty.
 
 
 7
 The decision of the district court is reversed.