ESTATE OF LESTER J. WHITLOCK, THE FLORIDA NATIONAL BANK AND TRUST COMPANY AT MIAMI AND ANN H. WHITLOCK, PERSONAL REPRESENTATIVES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; ESTATE OF MILDRED B. WHITLOCK, DECEASED, JOHN H. FINLEY, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Whitlock v. Commissioner
Docket Nos. 6834-75, 11017-75.
United States Tax Court
T.C. Memo 1982-272; 1982 Tax Ct. Memo LEXIS 482; 43 T.C.M. (CCH) 1389; T.C.M. (RIA) 82272; May 17, 1982. *482 Held, under sec. 2041(a)(2), I.R.C. 1954, decedent at her death possessed a general power of appointment over certain property pursuant to her deceased husband's will, even though she was incompetent at his death and so remained until her own death. Estate of Alperstein v. Commissioner,71 T.C. 351 (1978), affd. 613 F.2d 1213 (2d Cir. 1979), cert. denied sub nom. Greenberg v. Commissioner,446 U.S. 918 (1980). Lewis H. Cohen, for the petitioner in docket No. 6834-75. George H. DeCarion, for the petitioner in docket No. 11017-75. David R. Smith, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined deficiencies of $ 142,854.50 and $ 14,983 in the estate taxes of the Estate of Lester J. Whitlock and the Estate of Mildred B. Whitlock, [1] respectively. After concessions, the sole issue is whether Mildred B. Whitlock, one of the decedents herein, possessed a general power of appointment within the meaning of section 2041(a)(2)[2] *483 at the time of her death. [3] These cases have been consolidated for purposes of trial, briefing, and opinion. FINDINGS OF FACT Lester J. Whitlock and Mildred B. Whitlock, the decedents herein, were husband and wife. Lester J. Whitlock (hereinafter Lester) died testate on October 18, 1971, at the age of 78. The personal representatives of his estate were the Florida National Bank and Trust Co. at Miami, and Anna H. Whitlock. [4] *484 A Federal estate tax return was timely filed for Lester's estate with the Internal Revenue Service, Jacksonville, Fla. Mildred B. Whitlock (hereinafter Mildred) died testate on December 18, 1971, at the age of 77. The executor of her estate, John H. Finley (hereinafter Finley), [5] timely filed a Federal estate tax return. At the time of filing the petition herein, Finley resided in Cleveland Heights, Ohio. On June 27, 1963, Lester executed his last will and testament, pursuant to which a portion of his estate was bequeathed in trust to Mildred. In accordance with this bequest Mildred was to be paid the income from the trust for life and was given a testamentary general power of appointment over the corpus of the trust. On its Federal estate tax return filed by Lester's estate by his personal representatives following his death, a marital deduction in the amount of $ 379,669.37 was claimed for the value of the corpus of the trust in which Mildred had been bequeathed a testamentary general power of appointment. In late July, 1971, prior to Lester's death, Finley visited Mildred at her home in Coral Gables, Fla., for approximately 5 to 10 days. At that time, Mildred had trouble conversing with Finley, and was *485 often either incoherent or completely unresponsive when answering questions. Finley did not see Mildred again until early December 1971. At that time he found that her mental condition had deteriorated since he had last seen her. Based on his personal observation of Mildred, Finley did not believe that she had the mental capacity to manage her own affairs. Subsequently, on December 13, 1971, Finley began proceedings in the County Court for Dade County (hereinafter the County Court) to have Mildred declared incompetent and to have himself appointed as her guardian. Thereafter, on December 15, 1971, the County Court appointed a committee of three persons, two of whom were physicians, to determine whether Mildred was mentally or physically incompetent. On December 17, 1971, the court issued a "Notice to Alleged Incompetent" informing Mildred of the incompetency proceeding and setting a hearing for December 22, 1971. On December 22, 1971, the committee filed its "Report of Committee Finding Incompetency" with the County Court. [6] However, since Mildred had died on December 18, 1971, the incompetency proceeding was dismissed. Thus, at the time of her death, Mildred had not been adjudicated *486 incompetent, and no legal guardian had been appointed for her. Mildred's last will and testament did not exercise the general power of appointment bequeathed to her by Lester. Therefore, pursuant to the provisions of Lester's will, the corpus of the trust subject to that power passed to Ann H. Whitlock, Lester's daughter and Mildred's stepdaughter. At the time of her death Mildred had not exercised, nor attempted to exercise, the power of appointment and it had not lapsed. On the Federal estate tax return filed for Mildred's estate the value of the property subject to the general power of appointment was included in the gross estate. [7] A credit for state death taxes in the amount of $ 14,983 was also claimed on the estate tax return. Thereafter, on February 23, 1974, Finley filed a claim for refund with the Internal Revenue Service seeking a refund *487 in the amount of $ 99,200 for the estate tax attributable to the inclusion of the value of the general power of appointment in Mildred's gross estate. This claim was formally disallowed on August 20, 1974. On June 6, 1975, Finley filed a suit in the United States District Court for the Southern District of Florida for refund of the estate tax attributable to the inclusion of the value of the general power of appointment in Mildred's gross estate. In that case, the Justice Department, representing the United States as defendant, entered into the following pretrial stipulation: 5(f). Decedent, Mildred B. Whitlock, at all times from the devise of the power of appointment to her on October 18, 1971 to the time of her death, December 18, 1971, was mentally incompetent and lacked the requisite testamentary capacity to execute a Will or Codicil. Thus, the decedent was legally incapable of exercising the general testamentary power of appointment of which she was donee. On September 30, 1975, a notice of deficiency was issued to the estate disallowing *488 the credit for state death taxes because such tax had not been paid. Petitioner filed a petition in this Court on December 31, 1975, contesting that deficiency. The District Court was not notified of the issuance of the notice of deficiency. The District Court granted Finley's motion for summary judgment in this suit on December 2, 1975, and ordered the tax paid. That decision was reported as Finley v. United States,404 F.Supp. 200 (S.D. Fla. 1975). On February 20, 1980, the U.S. Court of Appeals for the Fifth Circuit reversed the District Court on Jurisdictional grounds and entered judgment for the United States. That decision was reported as Finley v. United States,612 F.2d 166 (5th Cir. 1980). The Court of Appeals held that on September 30, 1975, when respondent mailed a statutory notice of deficiency in respect of the Federal estate tax owed by the Estate of Mildred B. Whitlock, and the estate filed a petition in the Tax Court contesting that deficiency, the District Court was divested of jurisdiction pursuant to section 7422(e). [8] *489 In an amended petition, filed in this case, petitioner claimed a refund for estate taxes attributable to be inclusion of the value of the general power of appointment in the gross estate. Respondent determined that such value was properly included in the gross estate and that no refund should be forthcoming. OPINION The sole issue is whether Mildred possessed a general power of appointment at the time of her death. Resolution of this issue in the affirmative will require inclusion of the value of that power in Mildred's gross estate pursuant to section 2041(a)(2). [9]
Petitioner maintains that the value of the property subject to the general power of appointment should not be included in Mildred's gross estate *490 because Mildred was mentally incompetent at the time of Lester's death and remained so until her own death. Petitioner claims that because of such incompetency Mildred was at all times legally incapable of exercising the general power of appointment bequeathed to her and thus did not possess such power at the time of her death, as required by section 2041(a)(2). Petitioner has additionally argued for the first time on brief that inclusion of the value of the property subject to the general power of appointment in the gross estate and the imposition of estate tax thereon would violate sections 2 and 9 of Article 1 of the United States Constitution and would deny it due process of law in contravention of the Fifth Amendment of the U.S. Constitution.
Respondent maintains that Mildred's alleged mental incompetence is irrelevant in determining whether she possessed a general power of appointment at the time of her death. Alternatively, respondent asserts that if legal capacity is relevant to the issue herein, petitioner has failed to meet his burden of proof that Mildred was legally incompetent. In regard to petitioner's constitutional arguments, respondent maintains that since these *491 theories were first raised on brief, they are not properly before the court, and even if they are, inclusion of the property subject to the general power of appointment and the resulting estate tax thereon, does not violate petitioner's constitutional rights. Section 2041(a)(2)[10] *492 provides for the inclusion in a decedent's gross estate of the value of "any property with respect to which the decedent has at the time of his death a general power of appointment created after October 21, 1942." The parties agree that Mildred had been bequeathed a "general power of appointment" as that term is described in section 2041(b)(1). [11] The dispute herein centers on whether Mildred's alleged mental incompetence, which if true would deprive her of the legal capacity to exercise the power, see In re Cole's Estate,205 So. 2d 554 (Fla. App. 1967), affects the applicability of section 2041. [12] We hold that it does not. The thrust of petitioner's argument is that since the power herein was testamentary, it could only be exercised by Mildred executing a new will or a codicil to her existing will. [13] Therefore, because of her legal incapacity to execute such a will or codicil at all times after Lester's death, the power bequesthed was never exercisable by her and therefore was not a general power of appointment. We disagree. The mental or physical incompetence and resultant legal incapacity of a decedent to exercise a general *493 power of appointment has been held by this and other courts on numerous occasions not to be pertinent in determining whether that power is "exercisable" within the meaning of section 2041(b)(1). [14]Estate of Alperstein v. Commissioner,71 T.C. 351 (1978), affd. 613 F.2d 1213 (2d Cir. 1979), cert. denied sub nom. Greenburg v. Commissioner,446 U.S. 918 (1980); Williams v. United States,634 F.2d 894 (5th Cir. 1981); Estate of Rosenblatt v. Commissioner,633 F.2d 176 (10th Cir. 1980), affg. on other grounds a memorandum opinion of this Court; Pennsylvania Bank & Trust Co. v. United States,597 F.2d 382 (3d Cir. 1979); Fish v. United States,432 F.2d 1278 (9th Cir. 1970). See also Estate of Gilchrist v. Commissioner,630 F.2d 340 (5th Cir. 1980), revg. 69 T.C. 5 (1977). The reasons for this conclusion have been discussed at length in the opinions in the above case and we see no benefit in repeating them here. We agree with an adopt their reasoning. In Estate of Alperstein v. Commissioner,supra at 353, under facts similar to those in the present case, we held that "[t]he term 'exercisable' as used in section 2041(b)(1) *494 refers to the existence of the power in the decedent to appoint rather than to his or her capacity to exercise that power." In that case, we found that pursuant to the applicable State law, the decedent possessed the general power of appointment at her death even though she never had the legal capacity to exercise that power. Likewise, in Pennsylvania Bank & Trust Co. v. United States,supra at 383-384, the Court of Appeals held that the term "exercisable" has reference to "the scope of the power set forth in the granting instrument, not to the donee's actual capacity to exercise it." Similarly, in the instant case, although we have assumed that Mildred was mentally incompetent and therefore legally incapable of exercising the power herein, see n. 12, supra, we find that fact to be irrelevant. [15] *495 In view of the foregoing, we hold that Mildred possessed the testamentary general power of appointment at death, whether or not she had the ability to exercise that power. See Estate of Alperstein v. Commissioner,supra.We therefore conclude that the value of the property subject to that power was properly included in her gross estate. [16] Further, because of our holding herein, we hold that the estate of Lester J. Whitlock is entitled to a deduction for the value of the property over which Mildred was bequeathed a general power of appointment. Decision will be entered for *496 petitioner in docket No. 6834-75.
Decision will be entered for respondent in Docket No. 11017-75.
Footnotes
1. Any references to petitioner shall hereafter refer to John H. Finley, Executor of the Estate of Mildred B. Whitlock.↩
2. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect at the time of decedents' deaths. 3. By notice of deficiency, respondent disallowed a marital deduction pursuant to sec. 2056 claimed by the Estate of Lester J. Whitlock for the value of the property over which he had bequeathed to Mildred B. Whitlock a general power of appointment. At trial and on brief, however, he conceded that the Estate of Lester J. Whitlock is entitled to the deduction claimed if we find that Mildred B. Whitlock possessed a general power of appointment at the time of her death.↩
4. No evidence was presented as to the principal place of business of the Florida National Bank and Trust Co. or the place of residence of Anna H. Whitlock.
5. Finley was Mildred's son and Lester's stepson.↩
6. The examiners found Mildred to be incompetent and their report indicated that she was "in bed, on oxygen, is confused, unable to reply coherently to many questions. Memory is impaired. Has bo [sic↩] be fed and cared for, is at times incontinent. Very little obtains from her. Clearly unable to be responsible for herself or her affairs."
7. Finley elected, pursuant to sec. 2032 to use the alternate valuation date, at which time the corpus had a fair market value of $ 395,342.↩
8. Respondent's notice of deficiency disallowed a credit claimed on the Federal estate tax return in the amount of $ 14,983 for State death taxes actually paid, pursuant to sec. 2011(a). This issue, however, was conceded by petitioner in its amended petition and is not in issue herein.
9. Further, an affirmative resolution of this issue will entitle the estate of Lester J. Whitlock to a marital deduction pursuant to sec. 2056(a). The amount of this deduction, which is not in dispute herein, is equal to the value of the property subject to the general power of appointment at the time of Lester's death. See sec. 2056(a).↩
10. Sec. 2041(a)(2) provides in part: (a) In General.--The value of the gross estate shall include the value of all property-- * * *. (2) Powers created after October 21, 1942.--To the extent of any property with respect to which the decedent has at the time of his death a general power of appointment created after October 21, 1942, * * * 11. Sec. 2041(b)(1)↩. General power of appointment.--The term "general power of appointment" means a power which is exercisable in favor of the decedent, his estate, his creditors, or the creditors of his estate; * * * 12. For purposes of our opinion we have assumed the correctness of petitioner's assertion that from the time of Lester's death until Mildred's death, Mildred was mentally incompetent and was therefore legally incapable of exercising the testamentary general power of appointment bequeathed to her.↩
13. Although the facts indicate that Mildred died testate, no evidence was presented as to the date her will was executed.↩
14. See also Estate of Maxant v. Commissioner,T.C. Memo. 1980-414↩.
15. We note that Florida law recognized that the possibility existed, however remote, that she might have recovered her competency, and exercised the power by making a new will or adding a codicil to her existing will. See In re Joiner's Estate,147 So.2d 563 (Fla. Ct. App. 1963). Indeed, under Florida law a lunatic may make a valid will during a lucid interval. Murrey v. Barrett Nat. Bank of Jacksonville,74 So. 2d 647 (1954); Miller v. Flowers,27 So.2d 667↩ (1946). 16. With regard to petitioner's constitutional arguments, it is settled law that the specific constitutional provisions alleged to have been violated must be contained in the pleadings before we will consider them. Estate of Freeman v. Commissioner,67 T.C. 202, 206, n. 3 (1976); Estate of Solowey v. Commissioner,15 T.C. 188 (1950), affd. per curiam 189 F.2d 968 (2d Cir. 1951). Because the constitutional arguments herein were not raised until brief, we decline to consider them. Estate of Edelman v. Commissioner,38 T.C. 972↩ (1962).