John J. SMITH, Personal Representative
of the Estate of Ann S.
Olson, Appellant,

v.

UNITED STATES of America, Appellee.

No. 82–1767.

United States Court of Appeals,
Eighth Circuit.

Submitted March 17, 1983.
Decided March 29, 1983.

Keith Bellairs, Park Rapids, Minn., for appellant.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Carleton D. Powell, Jo-Ann Horn, Attys., Tax Div., Dept. of Justice, Washington, D.C., for appellee; James M. Rosenbaum, U.S. Atty., Minneapolis, Minn., of counsel.

Before HEANEY, ROSS and FAGG, Circuit Judges.

PER CURIAM.

John J. Smith, the personal representative of the estate of Ann S. Olson, appeals from the district court's [1] order granting summary judgment against him on his action to obtain a refund of the penalty imposed by the Internal Revenue Service because he filed the federal estate tax some two and one-half months after it was due.

## I.

### BACKGROUND

Ann Olson died on December 17, 1978. Under the terms of her will, John Smith was appointed personal representative of the estate. Thereafter, he retained an attorney to help settle the estate. The estate tax return for Olson's estate was due nine months after her death. 26 U.S.C. § 6075(a). Unfortunately, Smith's attorney was under the mistaken impression that the return was not due until one year after Olson's death.

On December 7, 1979—over two months late—Smith filed the estate tax return for Olson's estate. He paid a federal estate tax of approximately $15,000 with this return. In January, 1980, the Internal Revenue Service notified Smith that he had erred in computing the tax liability, and that he owed an additional sum of more than $18,000. He promptly paid this added amount. Shortly thereafter, the Internal Revenue Service assessed a late-filing penalty of $5,232.87 pursuant to 26 U.S.C. § 6651(a)(1). Smith paid that penalty,[2] filed a claim for a refund and upon its denial, instituted this action in the district court. The court granted the government's motion for summary judgment.

## II.

### DISCUSSION

Smith concedes that he failed to file the tax return for Olson's estate within nine months of her death as required by 26 U.S.C. § 6075(a). Section 6651(a)(1) of the Internal Revenue Code provides that if a tax return is not timely filed, there shall be added to the tax due a five percent penalty for each month the return is unfiled, not to exceed twenty-five percent of the tax due, *"unless* it is shown that such failure is due to *reasonable cause* and not due to wilful neglect."* 26 U.S.C. § 6651(a) (Emphasis added.) Smith contends that he has established such "reasonable cause" for his untimely filing because he relied upon his counsel's advice regarding the due date for the estate tax return.

The district court, relying on this Court's recent decisions in *Boeving v. United States,* 650 F.2d 493 (8th Cir.1981), and *Estate of Lillehei v. Commissioner,* 638 F.2d 65 (8th Cir.1981), held that Smith's reliance on his counsel did not constitute reasonable cause for his failure to timely file the estate tax return within the meaning of section 6651(a)(1). We affirm.

---

1. The Honorable Edward J. Devitt, United States Senior District Judge for the District of Minnesota.

2. Smith's attorney has reimbursed the estate for the amount of the penalty.

In *Boeving v. United States, supra,* 650 F.2d at 495, this Court reversed the district court's finding that the Internal Revenue Service could not impose a penalty on an untimely estate tax return because the executrix had reasonably relied upon her attorney who was mistaken as to the required filing date. We stated:

> In our view, however, the district court's treatment of the taxpayer is precluded by the recent decision of this Court in *Estate of Lillehei v. Commissioner of Internal Revenue,* 638 F.2d 65 (8th Cir.1981). The executor or executrix has a personal and nondelegable duty to file a timely return, and reliance on the mistaken advice of counsel is not sufficient to constitute "reasonable cause" for failing to fulfill that duty.

*Id.* at 495.

The district court's grant of summary judgment here against Smith was plainly proper under this Court's *Boeving* and *Estate of Lillehei* decisions. Although these decisions do not establish a rule of law that a personal representative's reliance on counsel can *never* constitute reasonable cause under section 6651(a)(1) for failing to file a timely return, Smith has not demonstrated any facts that distinguish the circumstances in this action from those present in *Boeving* and *Estate of Lillehei.* Thus, those cases are controlling here, and the court below did not err in finding that Smith's reliance on his attorney did not constitute reasonable cause for his failure to file the estate tax return within the nine-month deadline.

Finally, the penalty imposed by the Internal Revenue Service did not exceed the amount authorized by 26 U.S.C. § 6651(a)(1). Accordingly, the district court did not err in rejecting Smith's claim that the fine was improper.

The judgment of the district court is affirmed.