**C. Rosemary CROUSE and June M. Brown, Administrators of the Estate of K. Isabel Turner, Deceased, Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 82–2402.

United States Court of Appeals, Eighth Circuit.

Submitted May 20, 1983.

Decided July 7, 1983.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, William S. Estabrook, Thomas A. Gick, Attys., Tax Div., Dept. of Justice, Washington, D.C., for appellee; Richard C. Turner, U.S. Atty., Des Moines, Iowa, of counsel.

William Sidney Smith, Gregory L. Biehler, Smith, Schneider & Stiles, P.C., Des Moines, Iowa, for appellants.

Before ROSS, ARNOLD and JOHN R. GIBSON, Circuit Judges.

PER CURIAM.

Rosemary Crouse and June M. Brown appeal from the district court's[1] order granting summary judgment against them in their action to recover penalties imposed upon the estate of K. Isabel Turner. The penalties were assessed against the estate for the failure to file a timely return, and for the late payment of estate taxes due. The motion was tried on stipulated facts.

K. Isabel Turner died intestate on July 17, 1975. The appellants were appointed administrators and retained an attorney to aid them in settling the estate. Counsel advised them of the obligations assumed by an administrator, including the personal duty to sign and file an estate tax return within nine months of the date of death. 26 U.S.C. § 6075(a) (1976). In addition to this warning, Rosemary Crouse was the administrator of her mother's estate and in that capacity properly filed a return and paid the estate taxes that were due. Ms. Crouse's mother died seven months prior to K. Isabel Turner.

In this case, however, the estate tax return was not filed until March 21, 1978. The total tax due was computed to be $118,109.98. The sum of $56,557.00 was assessed as interest on the late payment of the tax, penalties for the late payment of the tax, and penalties for the late filing of the return.

The appellants contend that the imposition of the penalties under section 6651(a)(1) of the Internal Revenue Code was improper as the failure to file was due to "reasonable cause and not due to willful neglect," 26 U.S.C. § 6651(a)(1) (1976). The essence of the argument is that reliance on counsel to file the return was reasonable under the facts of this case.

The facts argued to support a conclusion that the appellants' behavior was reasonable are the following. The appellants sought out and retained an attorney to help

---

1. The Honorable Donald E. O'Brien, United States District Judge for the Southern District of Iowa.

settle the estate within a few days of K. Isabel Turner's death. The appellants were both aware of the filing deadline and in the spring of 1976 questioned their attorney about the taxes and in return received assurances that "all steps were being taken." In October of 1976 (at this point the appellants clearly knew the return was late) they once again met with the attorney to discuss the late filing of the return. Their attorney told them "No problem, no problem." At this time Mrs. Brown signed a check made out to the I.R.S. in the amount of $118,209.98 and left it with the attorney. The bank statements received by the appellants indicated that this check was never cashed.

In May of 1977 the attorney informed the appellants that the I.R.S. had lost the first check and that he was checking into the situation. The appellants then prepared a second check, and it too never cleared the bank. It was not until March 1978 that this situation clarified itself when an associate of the attorney discovered the executed checks and was unable to verify the filing of a return. The I.R.S. was then contacted and the taxes paid.

The district court relied upon this court's decisions in *Boeving v. United States,* 650 F.2d 493 (8th Cir.1981) and *Estate of Lillehei v. Commissioner,* 638 F.2d 65 (8th Cir. 1981), when it granted the appellee's motion for summary judgment. We affirm on the basis of the cases cited above and on the more recent case of *Smith v. United States,* 702 F.2d 741 (8th Cir.1983). In the *Smith* case the administrator's attorney mistakenly assumed the federal filing deadline was one year. The return was actually filed several months late. *Id.* at 742. This court refused to find that the administrator's reliance on the mistaken advice of counsel was reasonable, once again stating that the duty to file a return was "personal and nondelegable." *Id.* at 743. We are unable to find anything in the facts of this case which would distinguish it from our prior decisions. While it is true that in this case the attorney lied on several occasions, this is tempered by the fact that the appellants had a greater knowledge of and experience

with the estate tax laws than did the appellant in *Smith.* In addition, the appellants were long aware that the estate taxes had not been paid, and yet did not take positive action to insure that the law was complied with. We accordingly affirm the district court.