ESTATE OF Jessie E. KERBER, Helen Doring, Executrix, Appellant,

v.

UNITED STATES of America, Appellee.

No. 83–1500.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1983.

Decided Sept. 23, 1983.

Robert J. Campbell, Brown, Koralchik & Fingersh, Overland Park, Kan., for appellant; Brown, Koralchik & Fingersh, Kansas City, Mo., of counsel.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, William S. Estabrook, William P. Wang, Attys., Tax Div., Dept. of Justice, Washington, D.C., for appellee; Robert G. Ulrich, U.S. Atty., Kansas City, Mo., of counsel.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

Helen Doring, the executrix of the estate of Jessie E. Kerber, brought an action seeking a refund of amounts assessed by the Internal Revenue Service (IRS) as penalties for the late filing of an estate tax return and the late payment of the tax owed by the estate. The executrix also sought recovery of administrative expenses incurred to prosecute the refund claim. She now appeals the order of the district court granting summary judgment in favor of the United States. We affirm.

Jessie Kerber died on October 10, 1977. Pursuant to the terms of Kerber's will, Helen Doring was appointed executrix of the estate. After her appointment Mrs. Doring retained the services of an attorney to handle the affairs of the estate and to represent her in her capacity as executrix. Although Mrs. Doring's attorney correctly advised her that it would be necessary to file an estate tax return, he erroneously believed that the return was due one year after the decedent's death.[1] The return

---

1. Counsel for the estate testified that he did not remember informing Mrs. Doring of a specific due date for the estate tax return. He stated, however, that if he had informed her of the date, he would have told her that the return was due twelve months after Kerber's death. Mrs. Doring testified that while she could not

was in fact due on July 10, 1978, nine months after Kerber's death. I.R.C. § 6075(a).

On the advice of the attorney for the estate, Mrs. Doring hired a certified public accountant on March 29, 1978 to prepare the estate tax return.[2] In the next few months, the executrix made a number of inquiries of the accountant concerning his progress in preparing the return. After ascertaining that he had completely neglected work on the return, Mrs. Doring discharged him and on June 15, 1978 employed another certified public accountant.

As a result of his erroneous belief concerning the deadline for filing the estate tax return, counsel for the estate did not provide the second accountant with any information about the estate, including the date of the decedent's death, until August 2, 1978. Upon being informed of the date of death, the second accountant immediately realized that the return was past due. He therefore sought an extension of time for filing the return[3] and submitted a check for $80,000.00 signed by Mrs. Doring as payment of estimated taxes owed by the estate. Several days later, an additional $23,000.00 in estimated estate taxes was submitted to the IRS.[4] After receiving all the information necessary to prepare a complete return, the accountant filed the estate tax return on October 10, 1978.

The IRS audited the tax return and assessed a penalty of $19,004.22 for failure to file a timely return, I.R.C. § 6651(a)(1), and an additional $400.84 for late payment of the tax owed, *id.* § 6651(a)(2). The executrix seeks recovery of these amounts and of $2,200.00 in administrative expenses incurred in connection with her refund claim.

■ A taxpayer is liable for delinquency penalties unless the failure to timely file the estate tax return and pay the tax owed is due to reasonable cause. I.R.C. §§ 6651(a)(1), (2). To establish that the late filing and payment were reasonable, the taxpayer must show that he "exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time." 26 C.F.R. § 301.6651–1(c)(1). In the instant case, the executrix argues that she exercised ordinary business care and prudence in relying on the advice of the attorney for the estate and the second accountant regarding due dates and penalties. The district court concluded, based on this court's decisions in *Estate of Lillehei v. Commissioner,* 638 F.2d 65 (8th Cir.1981), and *Boeving v. United States,* 650 F.2d 493 (8th Cir.1981), that reliance on the advice of professionals did not provide reasonable cause to miss the statutory deadline.

■ We agree with the district court that the executrix failed to demonstrate reasonable cause for the late filing of the estate tax return and the late payment of the tax owed by the estate. In *Boeving* we stated that "[t]he executor or executrix has a personal and nondelegable duty to file a timely return, and reliance on the mistaken advice of counsel is not sufficient to constitute 'reasonable cause' for failing to fulfill that duty." 650 F.2d at 495. Although in our later decision in *Smith v. United States,* 702 F.2d 741 (8th Cir.1983), we noted that "[*Boeving* and *Estate of Lillehei* ] do not establish a rule of law that a personal representative's reliance on counsel can *never* constitute reasonable cause," 702 F.2d at 743 (emphasis in original), we reaffirmed

---

remember the exact due date stated by her attorney, he did mention a specific date.

**2.** At his deposition, the estate's attorney testified that while his practice included probate work, he had no experience in preparing federal estate tax returns.

**3.** In its order the district court noted that the record before it did not indicate what action, if any, the IRS took on the estate's request for an extension of time. In light of further penalty

assessments, however, the court presumed that the request was denied. *Estate of Kerber v. United States,* No. 81–6061–CV–SJ, slip op. at 3 n. 3 (W.D.Mo. March 9, 1983).

**4.** The accountant mistakenly believed that payment of estimated estate taxes would prevent the imposition of any further delinquency penalty. He so advised the executrix and the attorney for the estate.

our adherence to the rule set forth in *Boeving*. Our recent decision in *Crouse v. United States,* 711 F.2d 102 (8th Cir.1983), likewise demonstrates this court's continued support for this principle. The executrix in the instant case has failed to show any facts that distinguish this case from our earlier decisions.[5] Therefore, we conclude that the district court properly granted summary judgment in favor of the United States.

Accordingly, the judgment is affirmed.

---

**5.** We note that a recent Seventh Circuit decision, *Boyle v. United States,* 710 F.2d 1251 (7th Cir.1983), may take a different view.