851 F.2d 360
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Grace C. GOUDY; Maribeth W. Collins, Esq.; Eugene E.
Sharp; and United States National Bank of Oregon, Personal
Representatives; Estate of Alton L. Collins, Deceased;
Grace C. Goudy & Maribeth W. Collins, United States National
Bank of Oregon, Trustee Under Article V of the Last Will of
Alton L. Collins, Plaintiffs-Appellees,
v.
UNITED STATES of America, Defendant-Appellant.
 No. 86-4402.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 10, 1988.
Decided June 28, 1988.
 Before GOODWIN, NELSON and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The government appeals a summary judgment awarding a refund of $599,832.94 in federal estate taxes plus interest. The district court concluded that the partial disclaimer of a general power of appointment was effective, thereby avoiding federal estate tax consequences pursuant to I.R.C. Sec. 2041 (1954) and Treas.Reg. Sec. 20.2041-3(d)(6) (1958). We reverse and remand.
 
 
 3
 Alton L. Collins was a beneficiary of the estate of his mother, Mary L. Collins, who died testate on September 10, 1972. Under Article XV(a) of her will, Mary Collins transferred a portion of the residue of her estate to the United States National Bank of Oregon in trust. The trust provides, in relevant part, that:
 
 
 4
 (a) The net income therefrom shall be paid in monthly, quarterly, or other convenient installments to my son ALTON L. COLLINS for his lifetime.
 
 
 5
 (b) Upon the death of my son ALTON L. COLLINS the entire trust fund, including principal and all accrued, accumulated and undistributed income, shall be distributed as my son ALTON L. COLLINS shall appoint by his last will and testament, but if he shall fail to exercise said power of appointment or shall exercise it only partially, the property as to which the power is not exercised by him shall be distributed to my grandson ALAN COLLINS GOUDY, or to his surviving lineal descendants by right of representation.
 
 
 6
 On January 9, 1973, Alton executed a document entitled "Partial Renunciation of Devise." The document provides, in relevant part, that:
 
 
 7
 The undersigned, Alton L. Collins, hereby partially renounces the devise in trust for his benefit, as provided for in Article XV(a) and Article XVI of the last will and testament of Mary L. Collins, deceased, dated May 24, 1960, by limiting and restricting the testamentary power of appointment given to him in Article XVI(b) of said will, so that such power of appointment may not be exercised by him only in favor of himself, his estate, his creditors, or the creditors of his estate, but may be exercised by him only in favor of or in trust for the benefit of (1) persons within a class consisting of his spouse, his children and the lineal descendants of any deceased child of his, or (2) an organization described in Section 501(c)(3) of the Internal Revenue Code, including a private foundation as defined in Section 509 of the Internal Revenue Code.
 
 
 8
 This Partial Renunciation of Devise is intended to limit and restrict the persons or institutions who may take in the event of the exercise by the undersigned of the testamentary power of appointment given to him in Article XVI(b) of the above-decedent's will. It is not the intention of the undersigned to renounce any other devise of property to him under the terms of such will or to renounce or to further limit or restrict any of the other interests in the property which is devised in trust for his benefit under the provisions of Article XV(a) and Article XVI of said will.
 
 
 9
 Copies of decedent's document were filed with the Multnomah County Circuit Court and served upon the personal representatives of the estate of Mary Collins within four months after the date of appointment of those representatives.
 
 
 10
 Alton L. Collins, a resident of Oregon, died testate on January 30, 1978. Article V of his will provides for disposition of his interest in the Trust for the benefit of his children:
 
 
 11
 I hereby exercise the power of appointment granted me under Article XVI, subparagraph (b) of the will of my mother MARY L. COLLINS, and appoint all of the property subject to such power [for the benefit of my children].
 
 
 12
 (emphasis added).
 
 
 13
 Appellees timely filed an estate tax return for decedent's estate with the IRS. The IRS issued a notice of deficiency in the amount of $294,648, based on its determination that the $1,410,079.50 value of the Trust assets at the time of decedent's death was includable in his gross estate. Appellees paid the deficiency and filed a claim for a refund.
 
 
 14
 In district court both parties moved for summary judgment under Fed.R.Civ.P. 56(c). The court held that decedent's partial disclaimer was effective, and consequently did not result in a transfer subject to federal estate tax pursuant to I.R.C. Sec. 2041 and Treas.Reg. Sec. 20.2041-3(d)(6).
 
 
 15
 Appellees contend that decedent effectively disclaimed the testamentary power of general appointment which was among the interests devised to him under Mary Collin's will. They therefore argue that the Trust should not be included in decedent's gross estate for federal estate tax purposes. Because no transfer of property has occurred, they argue, I.R.C. Sec. 2041(a)(2) does not apply; therefore, I.R.C. Secs. 2035-2038 do not make that property includable in the decedent's gross estate.
 
 
 16
 The government, on the other hand, argues that decedent's partial renunciation was invalid under federal estate tax law because the disclaimer did not qualify as a complete and unqualified refusal to accept the rights to which he was entitled. The government claims that decedent in his partial disclaimer effected a taxable transfer by redirecting the Trust assets to persons other than his mother's designated default takers.
 
 
 17
 Only general powers of appointment trigger federal estate tax consequences. See Treas.Reg. Sec. 20.2041-3(a). I.R.C. Sec. 2041 governs the estate tax treatment of general powers of appointment. De Oliveira v. United States, 767 F.2d 1344, 1347-48 (9th Cir.1985); Fish v. United States, 432 F.2d 1278, 1280 (9th Cir.1970). Subject to certain exceptions not relevant here, subsection (b)(1) defines that power as "a power which is exercisable in favor of the decedent, his estate, his creditors, or the creditors of his estate...." I.R.C. Sec. 2041(b)(1). Assets that are includable in the appointee's gross estate and that are subject to taxation are determined by I.R.C. Sec. 2041(a)(2).[1] That section provides that the value of the gross estate includes
 
 
 18
 [t]he value of all property ... [t]o the extent of any property with respect to which the decedent has at the time of his death a general power of appointment created after October 21, 1942, or with respect to which the decedent has at any time exercised or released such a power of appointment by a disposition which is of such nature that if it were a transfer of property owned by the decedent, such property would be includible in the decedent's gross estate....
 
 
 19
 Id. (emphasis added). I.R.C. Sec. 2041(a)(2) grants every appointee of a post-1942 power of appointment the right to disclaim or renounce the power. Jenkins v. United States, 428 F.2d 538, 550 (5th Cir.), cert. denied, 400 U.S. 829 (1970). "If a decedent exercises[2] this right, the value of the property as to which he has renounced the power will not be included in his gross estate." Id. (footnote added); see Pennsylvania Bank & Trust Co. v. United States, 451 F.Supp. 1296, 1303 (W.D.Pa.1978), aff'd, 597 F.2d 382 (3d Cir.), cert. denied, 444 U.S. 980 (1979).
 
 
 20
 The regulation interpreting section 2041(a)(2) provides, in relevant part, that a disclaimer or renunciation does not constitute an exercise or release of the power of appointment; it specifically defines a disclaimer as a complete and unqualified refusal to accept the rights to which one is entitled. Treas.Reg. Sec. 20.2041-3(d)(6).[3] For the purposes of this case, the regulation requires that the disclaimer be made prior to the acceptance of the power within a reasonable time after learning of the existence of the power and that the disclaimer must be unequivocal and effective under local law. With respect to partial disclaimers, the regulation directs that the determination whether there has been a complete and unqualified refusal to accept appointive powers "will depend on all the facts and circumstances of the particular case, taking into account the recognition and effectiveness of such a disclaimer under local law." Treas.Reg. Sec. 20.2041-3(d)(6).
 
 
 21
 The regulation is silent as to whether it is possible to partially disclaim or renounce a power of appointment. However, the Second Circuit has determined that "[t]he effectiveness of a disclaimer of a power of appointment must be judged, in the first instance, by its validity under the law of the decedent's domicile." Rolin v. Commissioner, 588 F.2d 368, 369 n. 3 (2d Cir.1978) (upholding the validity of renunciation of appointive powers). As decedent was a resident of Oregon, the effectiveness of his disclaimer is determined under Oregon law applicable on the date of the disclaimer, January 9, 1973.
 
 
 22
 The district court, in assessing the effectiveness of the partial disclaimer for federal estate tax purposes, looked to the relevant Oregon statutory disclaimer provision then in effect, Or.Rev.Stat. Sec. 112.675 (1969).[4] The statute provides that:
 
 
 23
 A person may renounce intestate succession or a devise of property, wholly or partially, by filing a signed declaration of such renunciation with the court and serving a copy on the personal representative within four months after the date of appointment of the personal representative. No interest in the property so renounced is considered to have vested in the heir or devisee and the renunciation is not considered a transfer by gift of the property renounced, but the property so renounced passes as if the heir or devisee had failed to survive the decedent. Creditors of the renouncing heir or devisee, including judgment creditors, attachment and execution creditors and tax lien claimants, have no interest in the property renounced.
 
 
 24
 Although the quoted provision does not define an valid partial disclaimer, it does define the effect of a valid partial disclaimer: the property subject to appointive powers "passes as if the heir or devisee had failed to survive the decedent." Or.Rev.Stat. Sec. 112.675.
 
 
 25
 Decedent's partial disclaimer did not have the statutory effect. Consequently, although we disagree with the government's contention that decedent's partial disclaimer failed to comply with Or.Rev.Stat. Sec. 112.675, we acknowledge that Or.Rev.Stat. Sec. 112.675 is in part inadequate for the purpose of determining whether the decedent's partial disclaimer was a complete and unqualified refusal to accept appointive powers under Treas.Reg. Sec. 20-2041-3(d)(6). We must therefore turn to Treas.Reg. Sec. 20-2041-3(d)(6) for the determination whether decedent's partial disclaimer was sufficient to escape federal estate tax consequences.
 
 
 26
 The regulation directs that when considering the tax consequences of a partial disclaimer all the facts and circumstances of the particular case must be examined to determine whether there has been a complete and unqualified refusal to accept appointive rights. Id. Decedent specifically disclaimed the appointive powers that were exercisable "by him in favor of himself, his creditors or the creditors of his estate," but then he went on to direct that his appointive powers might be exercised by him only in favor of or in trust for the benefit of a class consisting of his spouse, his children and the lineal descendants of any deceased child of his. That is not the direction of one who "failed to survive" the devisor Mary Collins. The direction of the decedent's appointive power in such manner is not a disclaimer. The purported partial disclaimer, in effect, would allow Alton to effect a transfer of the trust assets to the natural objects of his bounty, and would transform the partial disclaimer into a special power of appointment.[5] Consequently, decedent is redirecting[6] the Trust assets from the donor's designated default takers, her grandson Alan Collins Goudy and his surviving lineal descedents. See Final Report on Special Committee on Disclaimer Legislation, Disclaimer of Testamentary and Nontestamentary Dispositions--Suggestions for Model Acts, 4 Real Prop.Prob. & Tr.J. 658, 660 (1969). Therefore, the decedent, in essence, is making a transfer of a taxable property interest. See id. The transfer of an interest in property is subject to tax, independent of state law. Cf. Brown v. Routzhan, 63 F.2d 914, 916-17 (6th Cir.), cert. denied, 290 U.S. 641 (1933) (stating that the tax is not upon the exercise of a right to refuse a gift of property, but upon the transfer of an interest in property). The decedent's partial disclaimer exalts form over substance, thereby circumventing a tax on what is, in actuality, a transfer by the decedent. See Rev.Rul. 76-156, 1976-1 C.B. 292.
 
 
 27
 The decedent's partial disclaimer failed to comport with the requirement of Treas.Reg. Sec. 20.2041-3(d)(6), which requires that an effective disclaimer be complete and unqualified. Transfer of appointive power does not constitute a complete and unqualified refusal and is ineffective as a disclaimer pursuant to Treas.Reg. Sec. 20-2041-3(d)(6).
 
 
 28
 Other provisions of the Internal Revenue Code buttress our determination that decedent's partial disclaimer is insufficient to avoid estate tax consequences. We may properly look to other provisions of the Code when statutory language or the legislative history suggests that we may do so. See Brantingham v. United States, 631 F.2d 542, 545 (7th Cir.1980) (finding such outside references inappropriate absent such a suggestion). The suggestion arises from the historical note of I.R.C. Sec. 2518, which explicitly directs that this section amends I.R.C. Sec. 2041(a)(2). See Jewett v. Commissioner, 455 U.S. 305, 310 & n. 12 (1982) (noting that the gift tax provisions were enacted as corollaries to estate tax provisions).[7] Congress, in promulgating I.R.C. Sec. 2518, has provided uniform estate and tax gift treatment of disclaimers, independent of state law.
 
 
 29
 The legislative history of I.R.C. Sec. 2518, detailed in Staff of the Joint Committee on Taxation, General Explanation of the Tax Reform Act of 1976, H.R. 10612, 94 Cong., 2d Sess. 1, 589-92, includes a new term, "qualified disclaimer," which is defined as an "irrevocable and unqualified refusal to accept an interest in property that satisfies four conditions." Id. at 591. Among the four conditions, two are particularly pertinent for our purposes. One of the conditions directs that the appointee must not have accepted the interest or any of its benefits before the disclaimer. Id.; see I.R.C. Sec. 2518(b)(3). Moreover, "the exercise of a power of appointment to any extent by the donee of the power is to be treated as an acceptance of its benefits." General Explanation at 591 (emphasis added). The other relevant condition requires that "[t]he interest must pass to a person other than the person making the disclaimer as a result of the refusal to accept the property ... the person making this disclaimer cannot have the authority to direct the redistribution or transfer of the property to another person and be treated as making a 'qualified disclaimer.' " Id. (emphasis added). The direction of the decedent of the trust assets subject to appointive power constitutes a "redistribution or transfer" of the assets to other persons, namely those "within a class consisting of his spouse, his children and the lineal descedants of any deceased child of his...." Thus, I.R.C. Sec. 2518 supports our conclusion that the decedent's partial disclaimer was ineffective and resulted in a transfer subject to federal estate tax consequences.
 
 
 30
 Because the decedent's partial disclaimer results in a transfer subject to federal estate tax under I.R.C. Sec. 2041(a)(2), appellees were not entitled to summary judgment as a matter of law. The district court's order granting appellees' motion for summary judgment is reversed. The government is entitled to judgment.
 
 
 31
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Subsection (a)(2) of the statute is applicable here because the power of appointment devised to the decedent was created after October 21, 1942. I.R.C. Sec. 2041(a)(2)
 
 
 [2]
 The predecessor to I.R.C. Sec. 2041, the Powers of Appointment Act of 1951, 65 Stat. 91, provides that a "release" of appointive powers does not constitute a disclaimer or a renunciation of that power. Id.; Craven, Powers of Appointment Act of 1951, 65 Harv.L.Rev. 55, 69 (1951). No such definition for "exercise" was provided
 
 
 [3]
 This regulation applies because the power of appointment was created prior to January 1, 1977
 
 
 [4]
 The district court also noted that when Or.Rev.Stat. Sec. 112.675 (1969) was superseded by the Uniform Disclaimer of Transfer by Will, Intestacy or Appointment Act (1975), the substance of that disclaimer provision was not substantially altered. The subsequent statutory provision, Or.Rev.Stat. Sec. 112.652 (1975), states that:
 A person, or the representative of a deceased, incapacitated or protected person, or any other fiduciary for a person, or any other fiduciary for a person, who is an heir, next of kin, devisee, legatee, person suceeding to a disclaimed interest, beneficiary under a testamentary instrument, or appointee under a power of appointment exercised by a testamentary instrument, may disclaim in whole or in part the right of succession to any property or interest therein, including a future interest, by delivering a written disclaimer under ORS 112.650 to 112.667. A disclaimer may be of a fractional share or of any limited interest or estate. The instrument shall describe the property or interest disclaimed, declare the disclaimer and extent thereof, and be signed by the disclaimant.
 
 
 [5]
 The decedent's disclaimer allows the trust assets subject to the power of appointment to be directed in a manner inconsistent with the specific designation of Mary Collins' chosen taker in event of decedent's partial disclaimer, Alan Collins Goudy, or his surviving lineal descendants by right of representation
 
 
 [6]
 "A power to re-direct seems to be in essence a power to appoint which would imply acceptance of a legacy. It is difficult to see how one can reject a gift and at the same time say, 'I want it to go to X University.' " Final Report on Special Committee on Disclaimer Legislation, Disclaimer of Testamentary and Nontestamentary Dispositions--Suggestions for Model Acts, 4 Real Prop.Prob. & Tr.J. 658, 660 (1969)
 
 
 [7]
 I.R.C. Sec. 2518 does not apply directly to the controversy here as that section's effective date, December 31, 1976, brings decedent's partial disclaimer outside its ambit