T.C. Memo. 2001-314


UNITED STATES TAX COURT



GREGORY DEAN OWENS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10823-99.                    Filed December 20, 2001.


Gregory Dean Owens, pro se.

<u>Rebecca Dance Harris</u>, for respondent.



MEMORANDUM FINDINGS OF FACT AND OPINION


THORNTON, <u>Judge</u>:  Respondent determined the following deficiencies in and additions to petitioner's Federal income taxes:

| Year | Deficiency | Addition to Tax Sec. 6651(f) |
|------|-----------|------------------------------|
| 1990 | $18,735 | $17,351 |
| 1991 | 15,722 | 17,194 |
| 1992 | 20,987 | 22,989 |
| 1993 | 19,183 | 19,981 |
| 1994 | 34,675 | 31,387 |

The issues for decision are: (1) Whether petitioner underreported gross receipts from his dental practice for taxable years 1990 through 1994 as determined by respondent; (2) whether for taxable years 1990, 1991, 1993, and 1994, petitioner substantiated his claimed wage expense deductions; and (3) whether for each year in issue, petitioner is liable for the section 6651(f) addition to tax for fraudulent failure to file an income tax return.[1]

FINDINGS OF FACT

The parties have stipulated some of the facts, which we incorporate herein by this reference. When he petitioned the Court, petitioner resided in Abingdon, Virginia.

Petitioner's Dental Practice

From 1985 through the years in issue, petitioner was sole proprietor of his general dental practice in Abingdon, Virginia (the dental practice). The town of Abingdon, Virginia (Abingdon), required petitioner to file, on or before January 31 each year, a business license application (the application)

---

[1] All section references are to the Internal Revenue Code in effect for the relevant taxable years. All Rule references are to the Tax Court Rules of Practice and Procedure.

reporting, among other things, gross receipts from the dental practice for the previous calendar year.  Abingdon used this information to calculate petitioner's business license tax.

Petitioner timely filed applications reporting gross receipts from the dental practice as follows:

| Year | Gross Receipts |
|------|----------------|
| 1990 | $117,342 |
| 1991 | 132,300 |
| 1992 | 174,072 |
| 1993 | 150,000 |
| 1994 | 190,000 |

On each application, petitioner affirmed under penalty of perjury that the amount reported as gross receipts was "true and correct".

The Criminal Investigation

Petitioner initially failed to file Federal income tax returns for the years 1983 through 1994.  On June 15, 1996, following an investigation by respondent's Criminal Investigation Division, petitioner executed a plea agreement wherein he agreed to plead guilty to five counts of violating section 7203 for willful failure to file Federal income tax returns--one count for each of the subject years.[2]  On January 31, 1997, judgment was entered by the United States District Court for the Western District of Virginia, accepting petitioner's guilty plea.

---

[2] Pursuant to the terms of his plea agreement, petitioner stipulated that "this plea agreement does not settle, compromise or otherwise affect in any way any federal tax, interest, civil penalty or other obligation for which I may now be, or in the future become, liable under Title 26, United States Code."

Petitioner's Federal Income Tax Returns

Pursuant to the terms of the plea agreement, petitioner agreed to file a "true, complete and correct" Federal income tax return for each of the subject years. On August 19, 1996, petitioner filed these Federal income tax returns. Attached to each return is a Schedule C, Profit or Loss From Business (Sole Proprietorship) (Schedule C), showing, among other things, gross income from the dental practice and wage expense deductions in the following amounts:

| Year | Gross Income | Wage Expenses |
|------|-------------|---------------|
| 1990 | $77,524 | $21,862 |
| 1991 | 103,826 | 28,864 |
| 1992 | 113,651 | 29,323 |
| 1993 | 99,809 | 26,849 |
| 1994 | 100,640 | 27,575 |

Petitioner maintained no books or records of his income and expenses. He does not know how he arrived at either the gross receipts or wage expense deductions shown on the Schedules C.

Respondent's Determinations

In the notice of deficiency, respondent determined that petitioner's dental practice gross income and allowable wage expense deductions were as follows:

| Year | Gross Income | Wage Expense |
|------|-------------|--------------|
| 1990 | $117,342 | $11,036 |
| 1991 | 132,300 | 14,214 |
| 1992 | 174,072 | 29,524 |
| 1993 | 150,000 | 24,332 |
| 1994 | 190,000 | 20,002 |

OPINION

Unreported Gross Income

Respondent determined that petitioner had unreported gross income from his dental practice, based on the excess of the amounts petitioner reported on his applications for the subject years over the amounts he reported on his delinquent Federal income tax returns.  Petitioner's admissions on the applications provide at least a minimal evidentiary foundation, if any be required, supporting respondent's determinations of unreported income.  Cf. Williams v. Commissioner, 999 F.2d 760, 764 (4th Cir. 1993), affg. T.C. Memo. 1992-153.  The burden of proof is on petitioner to show that respondent's determinations are incorrect.  See Rule 142(a);  Welch v. Helvering, 290 U.S. 111, 115 (1933); Williams v. Commissioner, supra.[3]

In his petition, petitioner states that respondent's determinations are in error because the "Gross receipts reported to Town of Abingdon have been determined to be incorrect." Petitioner has offered no testimony or other evidence to support

_____

[3] In certain circumstances, if the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the proper tax liability, sec. 7491 places the burden of proof on respondent.  See sec. 7491(a); Rule 142(a)(2). Sec. 7491 is effective with respect to court proceedings arising in connection with examinations commencing after July 22, 1998. See Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3001(c)(2), 112 Stat. 726. Petitioner does not contend, nor is there evidence, that his examination commenced after July 22, 1998, or that sec. 7491 applies in this case.

this contention.  Petitioner has not attempted to controvert the admissions he made, under penalties of perjury, on each application that he filed shortly after the end of each year in issue.  Indeed, these contemporaneous applications seem more reliable than petitioner's Federal income tax returns (which were filed years after the fact), especially given that petitioner has admitted that he kept no books or records and has stipulated that he does not know how he arrived at the gross receipts reported on his tax returns.  Therefore, we sustain respondent's determination of the amount of petitioner's unreported income.

Wage Expense Deductions

Petitioner offered no evidence to substantiate the wage expense deductions he claimed on his Federal income tax returns. Accordingly, petitioner has not established that he is entitled to wage expense deductions greater than those allowed by respondent.[4]

Additions to Tax Pursuant to Section 6651(f)

Respondent has determined that petitioner is liable for section 6651(f) additions to tax for fraudulently failing to file his tax returns for each of the subject years.  Respondent must establish by clear and convincing evidence that petitioner's

---

[4] For 1992, respondent determined that petitioner is entitled to wage expense deductions greater than petitioner claimed on his 1992 Federal income tax return.  This determination is not in issue.

failure to file was an intentional attempt to evade tax believed to be owing. See sec. 7454(a); Rule 142(b); Clayton v. Commissioner, 102 T.C. 632, 653 (1994); Gajewski v. Commissioner, 67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner, supra at 199-200. Because fraudulent intent can seldom be established by direct proof, it may be proved by circumstantial evidence. Clayton v. Commissioner, supra at 647; Petzoldt v. Commissioner, 92 T.C. 661, 700 (1989).

Petitioner pleaded guilty to five counts of violating section 7203 for willful failure to file Federal income tax returns, one count for each taxable year 1990, 1991, 1992, 1993, and 1994. Willful failure to file, even over an extended time, does not conclusively establish the fraudulent intent required under section 6651(f). See Grosshandler v. Commissioner, 75 T.C. 1, 19 (1980); Wilkinson v. Commissioner, T.C. Memo. 1997-410. Petitioner's guilty plea, however, is evidence of fraud that, coupled with other affirmative indications of the requisite fraudulent intent, warrants imposition of the addition to tax for fraud. See Grosshandler v. Commissioner, supra.

As evidenced by his admissions in the plea agreement, petitioner knew that he was required to file a Federal income tax return for each year in issue, and he willfully failed to do so

until faced with the prospect of criminal prosecution. As evidenced by the applications he filed with Abingdon, petitioner was aware that he had substantial gross income from his dental practice. When petitioner finally did file tax returns for the years in issue, he understated his aggregate gross income by approximately $268,264. Petitioner maintained no books and records of his income and expenses. According to undisputed testimony of respondent's special agent, petitioner indicated during the criminal investigation that he had avoided investing in assets such as real estate that he believed the Internal Revenue Service (IRS) could seize in collection of back taxes. Instead, he invested in assets such as gold and silver bars and a Swiss annuity that he believed the IRS could not seize. Such statements are inconsistent with any good-faith misunderstanding of the tax laws that could negate fraud. Cf. Niedringhaus v. Commissioner, 99 T.C. 202, 217 (1992).

Although petitioner attended trial, he declined the opportunity to testify and failed to introduce any evidence. We draw an adverse inference from petitioner's silence and take it into account as a factor to be considered in combination with all the other evidence in the record. See Sherrer v. Commissioner, T.C. Memo. 1999-122.

On the basis of all the evidence, we conclude that petitioner is liable for the section 6651(f) addition to tax for

each year in issue.[5]  Accordingly, we need not address respondent's alternative arguments that petitioner is liable for section 6651(a)(1) additions to tax or section 6662 accuracy-related penalties.

To reflect the foregoing,

Decision will be entered

under Rule 155.

_____

[5] Schedules attached to the notice of deficiency indicate that for each year in issue, respondent determined the sec. 6651(f) additions to tax based on petitioner's total corrected tax liability, calculated as the sum of the total tax shown on petitioner's return plus the amount determined to be a deficiency for each year, with adjustments for additions to tax previously assessed under sec. 6651(a)(2).  Our jurisdiction over respondent's determination under sec. 6651(f) extends only to so much of the addition to tax as is attributable to the deficiency. Cf. Estate of Forgey v. Commissioner, 115 T.C. 142, 146 (2000); Estate of Nemerov v. Commissioner, T.C. Memo. 1998-186.  In the Rule 155 computations, we expect the amount of the deficiency for each year in issue to be calculated by including only those amounts of the sec. 6651(f) additions to tax that are attributable to the deficiencies for the years in issue.