T.C. Memo. 1998-186


UNITED STATES TAX COURT


ESTATE OF IRVING NEMEROV, DECEASED,
BERNICE MIDGORDEN, PERSONAL REPRESENTATIVE, Petitioner
v. COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15625-97.                    Filed May 20, 1998.


        D died on June 8, 1993.  In June 1994, the
fiduciary of D's estate tendered a $225,400 payment to
R for D's estimated Federal estate tax liability.  In
May 1995, P filed D's Federal estate tax return and
paid the balance due.  R assessed the amount of tax
shown on the return and additions to tax of $67,135.73
and $9,981.58 under sec. 6651(a)(1) and (2), I.R.C.,
respectively.  Afterwards, R issued to D's estate a
notice of deficiency listing a $9,716 deficiency and a
$2,429 addition thereto under sec. 6651(a)(1), I.R.C.
D petitioned the Court to redetermine the deficiency
and the applicability of the additions to tax.
        Held:  We lack jurisdiction to decide the
applicability of the $67,135.73 addition to tax under
sec. 6651(a)(1), I.R.C.
        Held, further, D's estate is liable for the
additions to tax of $2,429 and $9,981.58 determined by
R under sec. 6651(a)(1) and (2), I.R.C., respectively.

Peter L. Milinkovich, for petitioner.

Gail K. Gibson, for respondent.

## MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, Judge:  Estate of Irving Nemerov, Deceased, Bernice Midgorden, Personal Representative, petitioned the Court to redetermine respondent's determination of a deficiency in its Federal estate tax, and additions thereto under section 6651(a)(1) and (2).  Following concessions by the parties, we must decide whether the estate is liable for the additions to tax under section 6651(a)(1) and (2).  We hold it is.

Unless otherwise stated, section references are to the applicable provisions of the Internal Revenue Code.  Rule references are to the Tax Court Rules of Practice and Procedure. Estate references are to the Estate of Irving Nemerov.  Decedent references are to Mr. Nemerov.  Commissioner references are to the Commissioner of Internal Revenue.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits submitted therewith are incorporated herein by this reference.  The decedent was an attorney residing in Hennepin, Minnesota, when he died on June 8,

1993.  Bernice Midgorden, the estate's personal representative, resided in Plymouth, Minnesota, when the petition was filed.

The decedent signed his Last Will and Testament (the will) on May 19, 1993.  Article I named Ms. Midgorden as the estate's personal representative.  The decedent chose Ms. Midgorden to serve in this capacity because of their close and trusting relationship; Ms. Midgorden had limited tax and business knowledge, and she had never before served as a fiduciary of an estate.  On August 11, 1993, the court overseeing the probate of the estate (the probate court) formally named Ms. Midgorden as personal representative.

Ms. Midgorden retained an attorney named Bradley Thorsen to help her administer the estate.  Mr. Thorsen, a friend of the decedent, did not agree to help Ms. Midgorden with the decedent's tax returns, so Ms. Midgorden retained Samuel Held, the decedent's accountant, to prepare the tax returns required by Federal or State law.  Ms. Midgorden did not ask Mr. Held the date by which any of these returns had to be filed or the time that she had to remit any tax to the appropriate recipient. Ms. Midgorden believed that the Federal estate tax return had to be filed within 18 months of the decedent's death.  Ms. Midgorden formed her belief based on her understanding from conversations with Mr. Thorsen that all documents connected to the probate of the estate had to be furnished to the probate court within

18 months of the decedent's death. On August 9, 1993, the probate court provided Ms. Midgorden with a "NOTICE" stating: "Pursuant to Minnesota Statute 525.475 an order of complete settlement of the estate * * * must be entered within 18 months of the date of the appointment of the personal representative."

Due to deteriorating health, Mr. Held retired from his practice on December 31, 1993, without preparing the decedent's tax returns. Another accountant named Gary Weinberg bought Mr. Held's business, and Mr. Weinberg mailed Ms. Midgorden a form letter on or about December 31, 1993, acknowledging his intent to prepare the decedent's tax returns. Ms. Midgorden did not contact Mr. Weinberg to discuss this letter. Nor did she contact him to discuss the status of the returns until after she was told at a meeting in June 1994 that the returns were overdue. Before this meeting, Ms. Midgorden had never attempted to learn for herself the due date of the decedent's Federal estate tax return.

The persons present at the meeting in June 1994 were Ms. Midgorden, Mr. Weinberg, and a financial assistant named Tom Miller. Mr. Miller managed some of the decedent's investments, and the meeting had been called for the purpose of itemizing the estate's assets and to ascertain whether there was enough information to start preparing the returns, which, Ms. Midgorden believed, were not due for another 6 months. At the meeting, it was "decided" that the estate owed the Federal

and State Governments estate tax, and Ms. Midgorden wrote checks
to the Commissioner and to the Minnesota Department of Revenue
for the "decided" amounts.  The check to the Commissioner, which
was in the amount of $225,400, was hand delivered to the Internal
Revenue Service (the Service) later that day.

Mr. Weinberg completed the decedent's Federal estate tax
return in early May 1995, and Mr. Weinberg forwarded the return
to Ms. Midgorden at or about the same time.  On May 9, 1995,
Ms. Midgorden signed the return, in her capacity as personal
representative, and, on the next day, she mailed the return to
the Commissioner.  The Commissioner received the return on
May 12, 1995.

The return reported that the value of the decedent's taxable
estate equaled $1,499,403, and that the estate's tax liability
was $298,381.  Enclosed with the return was a check for the
balance due (with interest), and a letter from Ms. Midgorden
stating in part:

> I, as personal representative of the estate, would ask
> that any penalty which would otherwise be imposed be
> waived by the IRS for the following reasons:
> Immediately upon the death of Mr. Nemerov and my
> appointment as personal representative of the estate,
> I retained an accountant to handle all tax matters for
> the estate, since I have no knowledge of tax laws for
> estates and am only a long-standing friend of the
> decedent, not a tax accountant.  The accountant I
> retained had been the accountant of the decedent for
> many years.  The accountant became ill and turned over
> the handling of the estate to a new accountant.  For
> some reason, the old accountant told the new accountant
> that the return was being handled by an attorney and

that he did not need to worry about the filing.  This was not true.  The reason for this misinformation being given is not known, but it is believed to be a combination of the illness and old age of the accountant.  When the new accountant became aware that the proper steps to timely file the return had not been taken, he immediately took steps to hand deliver checks for the estimated amount due to the IRS, which amount can be seen in the return.  The money to pay the estimate was always available, and if the true facts had been known, the money would have been paid in a timely fashion.  As it turns out, there was an underestimate paid because of incomplete information available at the time, and there is a balance due on the return, but the estimate made at the time was a good faith estimate based on the available information.  The fact that additional information kept coming to light after this estimate is also the reason that the return took so long to complete.

The Commissioner assessed the amount of tax shown on the return, and assessed the following additions to tax:  $67.135.73 for untimely filing under section 6651(a)(1) and $9,981.58 for untimely payment under section 6651(a)(2).  The addition to tax under section 6651(a)(2) is computed as follows:

```
4 months x    .5% x $225,400 =  $4,508.00
15 months x    .5% x $72,981  =   5,473.58
                                  9,981.58
```

On April 21, 1997, the Commissioner issued to the estate a notice of deficiency listing a $9,716 deficiency and a $2,429 addition thereto under section 6651(a)(1).

OPINION

We must decide whether the estate is liable for the additions to tax determined by respondent under section 6651(a)(1) and (2), bearing in mind that the estate has the

burden of proof.  Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933); <u>Estate of DiRezza v. Commissioner</u>, 78 T.C. 19, 32-33 (1982); <u>Epstein v. Commissioner</u>, 53 T.C. 459, 477 (1969). Contrary to respondent's assertion, the Congress has authorized us to decide the issue under section 6651(a)(2).  See sec. 6214(a); see also H. Conf. Rept. 99-841, at II-804 (1986), 1986-3 C.B. (Vol. 4) 804; S. Rept. 99-313, at 200 (1986), 1986-3 C.B. (Vol. 3) 200.  We agree with respondent, however, that we are not authorized to decide the applicability of the portion of the addition to tax under section 6651(a)(1) that was assessed upon respondent's receipt of the decedent's estate tax return.  See sec. 6665(b); see also <u>Estate of Young v. Commissioner</u>, 81 T.C. 879 (1983).  That we lack jurisdiction to decide this issue is confined to the facts herein.  We do not hold, for example, that this Court lacks jurisdiction under section 6512(b)(1) to decide the same issue in the case of an overpayment.  See, e.g., <u>Judge v. Commissioner</u>, 88 T.C. 1175, 1180-1187 (1987).  In this regard, the estate does not claim that it overpaid this addition, and we are unable to find that it did.

Section 6651 provides:

SEC. 6651.　　FAILURE TO FILE TAX
　　　　　　　　RETURN OR TO PAY TAX.

(a) Addition to the Tax.--In case of failure--

(1) to file any return required under authority of subchapter A of chapter 61 (other than part III thereof), * * * on the

date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate;

(2) to pay the amount shown as tax on any return specified in paragraph (1) on or before the date prescribed for payment of such tax (determined with regard to any extension of time for payment), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount shown as tax on such return 0.5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 0.5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate; * * *

(b) Penalty Imposed on Net Amount Due.--For purposes of--

(1) subsection (a)(1), the amount of tax required to be shown on the return shall be reduced by the amount of any part of the tax which is paid on or before the date prescribed for payment of the tax and by the amount of any credit against the tax which may be claimed on the return,

(2) subsection (a)(2), the amount of tax shown on the return shall, for purposes of computing the addition for any month, be reduced by the amount of any part of the tax which is paid on or before the beginning of such month and by the amount of any credit against the tax which may be claimed on the return, * * *

- 9 -

*   *   *   *   *   *   *

(c) Limitations and Special Rule.--

(1) Additions under more than one
paragraph.--With respect to any return, the
amount of the addition under paragraph (1) of
subsection (a) shall be reduced by the amount
of the addition under paragraph (2) of
subsection (a) for any month (or fraction
thereof) to which an addition to tax applies
under both paragraphs (1) and (2). * * *

Pursuant to sections 6012(b)(4) and 6075(a), the fiduciary of an
estate must file the decedent's estate tax return within 9 months
after the decedent's death.  Generally, this 9-month period of
time may be extended for up to 6 months.  Sec. 6081(a); see also
United States v. Boyle, 469 U.S. 241, 245, 249-250 (1985).

Ms. Midgorden, the fiduciary of the estate, filed the
decedent's estate tax return late, and she paid late the tax
shown thereon.  Neither party asserts that Ms. Midgorden's late
filing or late payment was due to willful neglect, and we find
that neither the late filing nor the late payment was due to
willful neglect.  The parties dispute whether Ms. Midgorden had
reasonable cause for her late filing and/or her late payment.
For purposes of section 6651(a), an estate may establish
reasonable cause for a late filing and/or a late payment if the
facts show that the fiduciary reasonably relied on erroneous
professional advice as to a due date of a return (which, in the
case of the Federal estate tax return, is generally also the due
date of the related tax).  See United States v. Boyle, supra at

251; Estate of La Meres v. Commissioner, 98 T.C. 294, 320, 324-325 (1992); see also sec. 301.6651-1(c)(1), Proced. & Admin. Regs. (reasonable cause exception for section 6651(a)(1) and (2) requires an exercise of ordinary business care and prudence). A taxpayer may establish reasonable cause for a late payment when the taxpayer "exercised ordinary business care and prudence in providing for payment of his tax liability and was nevertheless either unable to pay the tax or would suffer an undue hardship * * * if he paid on the due date."  Sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

The estate asserts that Ms. Midgorden relied reasonably on Mr. Thorsen in that he advised her that the return was not due until 18 months after the date the decedent died.  Alternatively, the estate argues that the additions to tax apply only to its tax liability that exceeds $225,400.  Under the alternative argument, it is alleged that Ms. Midgorden had reasonable cause for not filing the return or paying the tax up until the date that she was told that the return was late, and, on that date, the estate made an estimated payment of $225,400 to the Commissioner.  The alternative argument asserts that the additions to tax should be based on the estate's actual tax liability less $225,400, because additions to tax under section 6651(a) are computed on the net tax due.

We are not persuaded by either of the estate's arguments. First, the record fails to support the estate's assertion that Mr. Thorsen advised Ms. Midgorden that the estate tax return was not due for 18 months and that she relied on this advice. Nor does the record show that Ms. Midgorden, before the June 1994 meeting, solicited or received advice as to when she actually had to tender payment to the Commissioner. Ms. Midgorden was the only witness at trial, and she testified that she retained Mr. Held to prepare the estate tax return because Mr. Thorsen did not agree to help her with it. Her letter to the Service also undercuts the estate's assertion that Mr. Thorsen erroneously advised her about an 18-month filing period and that her late filing was due to reliance on this advice. On this record, we are unable to agree with the estate that Ms. Midgorden relied on erroneous advice from Mr. Thorsen concerning the due date of the return and that this alleged reliance constitutes reasonable cause for her late filing or her late payment. See Denenburg v. United States, 920 F.2d 301 (5th Cir. 1991); see also Estate of Newton v. Commissioner, T.C. Memo. 1990-208. The fact that the return may have been too complicated for Ms. Midgorden to complete without professional assistance, as the estate asserts, does not mean that she had reasonable cause for filing the return, or paying the tax, when she did. As fiduciary of the estate, Ms. Midgorden was obligated to ascertain when the return

and tax payment were due and to meet these due dates.  See

Estate of DiRezza v. Commissioner, 78 T.C. at 33-34; see also

Estate of Kerber v. United States, 717 F.2d 454 (8th Cir. 1983);

Smith v. United States, 702 F.2d 741, 743 (8th Cir. 1983).

Although the estate asks the Court to adopt a different rule

because Ms. Midgorden is not a tax professional, we decline to do

so.[1]

Turning to the estate's alternative argument, we reject this

argument as well.  As to section 6651(a)(1), the estate is asking

us to review the $67,135 assessment which is outside our

jurisdiction.  Our jurisdiction over respondent's determination

under section 6651(a)(1) extends only to the $2,429 addition to

tax imposed on the deficiency, and, in that regard, our previous

finding is conclusive.  That is, the estate has failed to show

reasonable cause for the late filing.  The same finding also

disposes of the only argument made by the estate in regard to

section 6651(a)(2).  Because no reasonable cause was shown for

the late payment of $225,000, that amount cannot be subtracted

---

[1] The estate does not claim that Ms. Midgorden is other than
an "ordinary person"; i.e., "one who is physically and mentally
capable of knowing, remembering, and complying with a filing
deadline", see United States v. Boyle, 469 U.S. 241, 253 (1985)
(Brennan, J., concurring), and we view her to be an "ordinary
person".  Thus, we do not address the point made by Justice
Brennan in his concurrence in Boyle that a different rule may
apply when a fiduciary is unable to meet the standard of
"ordinary business care and prudence".

from the base on which the section 6651(a)(2) addition is imposed.

We hold that the estate is liable for the additions to tax at issue herein.  We have considered all arguments made by the estate for a contrary holding, and, to the extent not discussed above, find them to be irrelevant or without merit.  To reflect respondent's concessions,

<u>Decision will be entered</u>

<u>under Rule 155</u>.