T.C. Memo. 2016-9

UNITED STATES TAX COURT

BRENT EDWARD CRUMMEY AND CHERYL BATTISTA CRUMMEY,
Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15199-14.                           Filed January 12, 2016.

Brent Edward Crummey and Cheryl Battista Crummey, pro sese.

Lewis A. Booth, II, Christina White (student), and Yvette Nunez (student),
for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, Judge:  Respondent determined additions to tax and penalties in
relation to petitioners' Federal income tax liabilities as follows:

[*2] <u>Additions to tax/penalties</u>

| Year | Sec. 6651(f) | Sec. 6651(a)(2) |
|------|--------------|-----------------|
| 2005 | $13,888.87 | $4,298.75 |
| 2006 | 22,943.15 | 7,233.50 |
| 2008 | 5,858.82 | 175.67 |

Respondent has now conceded that Cheryl Battista Crummey is not liable for any section 6651(f) fraudulent failure to file penalty. The issues are whether Brent Edward Crummey (petitioner) is liable for the section 6651(f) penalties and whether petitioners are liable for the section 6651(a)(2) failure to pay timely additions. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Petitioners resided in Houston, Texas, when they filed their petition. During the years in issue, petitioner worked for Symantec Corp. (or a predecessor) as a computer systems engineer. He received compensation of $108,938.96 in 2005, $131,928.34 in 2006, and $164,085.52 in 2008. Federal income tax of $17,164.36, $8,799.66, and $8,522.74 was withheld from his wages for those years, respectively.

[*3] Petitioners filed a Form 1040, U.S. Individual Income Tax Return, for 2004. Petitioners did not file timely Forms 1040 for the years in issue. Instead, petitioner prepared and filed Forms 1041, U.S. Income Tax Return for Estates and Trusts, for 2005 and 2006 in the name of the Brent E. Crummey Trust. For 2008 he created a document and sent it to the Internal Revenue Service (IRS) with the following explanation:

> To Whom it may concern:
>
> This trust hereby provides its income, deductions, and overpayment information on the page entitled "2008 Income Tax Return", with attached supporting schedules and statements, for tax year 2008. Since the Internal Revenue Service has informed this trust that IRS tax return form 1041 is not the proper form for this trust to file and that doing so could be construed as a criminal offense, we have created a return [for] this trust to comply with the law. As noted on the return, we have determined no tax liability for tax year 2008.

On the Forms 1041 and on the document for 2008, he reported his wages, deducted "fiduciary fees" and "income distributions" that eliminated taxable income, and claimed refunds of the amounts that had been withheld from his wages.

Petitioner received refunds of the withheld tax for 2005 and 2006. The Brent E. Crummey Trust was fictitious and based solely on petitioner's convoluted

**[\*4]** and frivolous characterization of the effect of the Social Security system, as described below.

The document for 2008 was filed after petitioner had been interviewed by IRS agents on April 9, 2007, with respect to petitioners' 2005 tax year. One IRS agent explained that if petitioners filed a joint return on Form 1040, then their tax liability would be less than if the IRS prepared a separate return for each of them. During that interview petitioner presented convoluted and frivolous arguments denying that he was "the taxpayer in question", insisting that the appropriate forms had been filed, and purporting to draw a distinction between the taxpayer who filed the returns and himself as a human who could not be "numbered".

On May 17, 2010, petitioner was indicted in the U.S. District Court for the Southern District of Texas on six counts of making false claims for tax refunds under 18 U.S.C. sec. 287 for 2002 through 2007. United States v. Crummey, No. 4:10-CR-315 (S.D. Tex. filed May 17, 2010). He was convicted after a jury trial and found guilty on all counts in 2010. Judgment was entered January 27, 2011. He was ordered to cooperate with the IRS in the collection of assessed tax liabilities for tax years 2002 to 2007 and to pay restitution of $83,989.22.

[*5]   In December 2012, petitioners sent to the IRS documents styled as "amended" joint returns for 2005, 2006, and 2008 and a letter stating their position as follows:

> To James R. Gerber, Revenue Agent:
>
> We are writing this letter to clarify the filing of the 2005, 2006, 2007 and 2008 joint tax returns. We do not waive the three year statute of limitations applicable to the tax years for said returns nor do we waive the restrictions on assessment and collection of any alleged deficiencies for said tax years. We further do not agree or accept any alleged overassessment for said tax years.
>
> We understand the Internal Revenue Service does not agree with us concerning the factual and legal nature of the subject taxpayers. However, we recognize that from its inception, the relationship offered to, and accepted by, us from the Social Security Administration has always been recognized as an offer to hold the Social Security Card, which is the property of the SSA, for the benefit of the United States government. The SSA assigns a number, called the Social Security Account Number ("SSN"), to an SSA created and administered account to track earnings from any trade or business activity involving said card and account number. We recognize that the cardholder is under a duty to account for the earnings and expenses related to the use of said SSA property in trade or business activity as required by the Internal Revenue laws. We further recognize that earnings by said trust require payment of funds to the United States government in accord with FICA taxes. In applying the law to those facts, the relationship is an agency trust created by statute. Each respective taxpayer assigned the SSN is the same taxpayer the IRS assigned an EIN--they are one and the same person. Those persons are not us, the natural man or woman to whom lend consciousness and physical capacities to said trusts. SSNs are not identification numbers for people.

**[*6]**   Although Brent Crummey, a living man, and Cheryl Crummey, a living woman, actually provided the work performed by each respective trust by lending them physical capacity and consciousness, it is clear the IRS refuses to recognize the duty for each said trust to deduct wages earned by said trustees for said work.  It is equally clear that IRS refuses to recognize that a man's wages for work he actually performed in his private property, which does not constitute as "income" in accord with the 16th amendment of the United States Constitution.  Unfortunately, we also recognize that neither the IRS nor the judicial branch of the United States adheres to the constitutional limitations as established by the Constitution of the United States of America.

Out of fear of continued prosecution of us by IRS using false evidence as has already been done to Brent Crummey, the trust taxpayers submit said returns for filing to you based on IRS's demand that said agency trusts file returns as individuals.  Furthermore, said returns have been filed because you allege the previous form 1041s filed by said trust taxpayers were not valid returns, thus the trust taxpayers never filed a return for said tax years.

OPINION

The petition in this case was filed June 30, 2014.  Petitioners maintained their positions described in the December 2012 letter in their petition and continuously through the time their pretrial memorandum was filed on October 20, 2015.  Petitioner persisted in those claims notwithstanding his criminal conviction several years earlier.  At the time of trial on October 26, 2015, petitioner abandoned his positions and testified that he had taken the positions in good faith. (He apparently did so after consulting with an attorney who volunteered to counsel

**[\*7]** unrepresented taxpayers without charge at the time of Tax Court calendar call and before trial.)

Petitioner claimed that he had reached his conclusions after his own Internet research. He explained that he had always been successful with self-taught actions such as his computer skills but now recognizes that those abilities do not extend to legal matters.

Petitioner Cheryl Battista Crummey did not appear for trial although she executed the stipulation, which included relevant documents. Because petitioners' earlier meritless positions have been abandoned, we do not address them. Cf. Crain v. Commissioner, 737 F.2d 1417, 1418 (5th Cir. 1984) (holding that courts are not obliged to address baseless, insupportable positions designed only to obstruct governmental authority).

Fraudulent Failure To File Returns

Section 6651(f) provides a penalty of 75% of the amount required to be shown as tax on unfiled returns if the failure to file the returns is fraudulent. In applying section 6651(f) to determine whether petitioner's failure to file tax returns was fraudulent, we consider the same elements considered in cases involving former section 6653(b) and present section 6663(a). See Clayton v. Commissioner, 102 T.C. 632, 653 (1994); Niedringhaus v. Commissioner, 99 T.C.

**[*8]** 202, 211-213 (1992). The civil fraud penalty is a sanction provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud. Helvering v. Mitchell, 303 U.S. 391, 401 (1938). Respondent has the burden of proving fraud by clear and convincing evidence. See sec. 7454(a); Rule 142(b).

Fraud may be proved by circumstantial evidence, and the taxpayer's entire course of conduct may establish the requisite fraudulent intent. Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983). Circumstantial evidence of fraud includes "badges of fraud" such as those present here: a longtime pattern of failure to file returns, filing false documents, failure to cooperate with taxing authorities in determining the taxpayer's correct liability, and implausible or inconsistent explanations of behavior. See, e.g., Spies v. United States, 317 U.S. 492, 499 (1943); Bradford v. Commissioner, 796 F.2d 303, 307-308 (9th Cir. 1986), aff'g T.C. Memo. 1984-601; Zell v. Commissioner, 763 F.2d 1139, 1146 (10th Cir. 1985), aff'g T.C. Memo. 1984-152; Powell v. Granquist, 252 F.2d 56, 60 (9th Cir. 1958); Grosshandler v. Commissioner, 75 T.C. 1, 19-20 (1980); Gajewski v. Commissioner, 67 T.C. 181, 199-201 (1976), aff'd without published opinion, 578 F.2d 1383 (8th Cir. 1978).

**[*9]**    Additions to tax for fraud have frequently been imposed on taxpayers like petitioner "who were knowledgeable about their taxpaying responsibilities * * * [and] consciously decided to unilaterally opt out of our system of taxation." Miller v. Commissioner, 94 T.C. 316, 335 (1990); see Niedringhaus v. Commissioner, 99 T.C. at 212, 217-219; Chase v. Commissioner, T.C. Memo. 2004-142; Tonitis v. Commissioner, T.C. Memo. 2004-60; Madge v. Commissioner, T.C. Memo. 2000-370, aff'd, 23 F. App'x 604 (8th Cir. 2001); Greenwood v. Commissioner, T.C. Memo. 1990-362.  Frivolous arguments, coupled with affirmative acts designed to evade Federal income tax, support a finding of fraud.  See, e.g., Rowlee v. Commissioner, 80 T.C. at 1123-1126; Porter v. Commissioner, T.C. Memo. 2015-122, at *58; Bennett v. Commissioner, T.C. Memo. 2014-256, at *12.

In this case we have evidence of petitioner's affirmative acts of filing false documents to claim and receive refunds of the tax withheld from his wages during 2005 and 2006.  The Forms 1041 that he filed were deliberately deceiving, and the 2008 document was filed after he was interviewed by revenue agents who told him that he should file individual returns rather than fiduciary returns.  Because the documents that he originally filed were based on a fictitious trust, they were not an honest and reasonable attempt to satisfy the requirements of the tax law.  Thus,

**[\*10]** they do not qualify as valid returns for purposes of the statute of limitations or to avoid section 6651 additions to tax. See Beard v. Commissioner, 82 T.C. 766, 777 (1984), aff'd per curiam, 793 F.2d 139 (6th Cir. 1986). Petitioner was not a fiduciary and did not reasonably believe that the Forms 1041 were appropriate to report his wages. Cf. German Tr. Co. v. Commissioner, 309 U.S. 304, 307 (1940) (holding that the statute of limitations applied where the taxpayer was a fiduciary and the Form 1041 return was valid even though incomplete). The only status that those Forms 1041 have are as proof of false claims for refund; they supported his criminal conviction and now support our conclusions as to civil fraud.

Petitioner has offered no explanation of his failure to report on individual returns the fiduciary fees and the income distributions that were deducted on the Forms 1041. Petitioner's writing in correspondence with the IRS and in documents filed in this Court shows him to be literate and articulate. He must have known that his arguments had no merit. He ignored decades of authority refuting imaginative attempts to avoid individual income tax liability. His Internet research was selective and apparently was never accompanied by consultations with competent tax professionals. Petitioner testified that he first read a book called "Cracking the Code", written by a convicted felon and serial tax evader.

**[\*11]** See Waltner v. Commissioner, T.C. Memo. 2014-35, at \*34-\*39.  Although

he recognized the errors in that book's analysis, he concocted his own scheme of

tax avoidance.  When asked about authorities contrary to his position, he testified:

> I did read a Tax Court case where somebody else had brought this up,
> back in, I think it was 2008 or 2009.  I think that they did mention
> that in my criminal trial.  But at the time, I didn't really pay attention
> to that case.
>
> And I understand now that the Court in that case kind of made it
> pretty clear.  I guess for me, led me to see where I was going wrong in
> making assumptions about what I had been reading and what facts
> that I am--you kind of put--you kind of find yourself putting facts into
> kind of what you want to see, as opposed to a more, I guess, objective
> view.  So it was probably after my delinquent returns were filed.

Yet he persisted in his frivolous position until the trial of this case.

Petitioner's last-minute change of heart does not excuse or erase his intent

at the time that his tax returns for 2005, 2006, and 2008 were due but were not

filed.  See Badaracco v. Commissioner, 464 U.S. 386, 394 (1984) (affirming that a

taxpayer's later behavior does not absolve a taxpayer of his antecedent fraud);

Porter v. Commissioner, T.C. Memo. 2015-122.  If he had acted in good faith, he

would have abandoned his false claims when he was first confronted by the IRS

and the legal consequences.  All of the objective facts and circumstances are clear

and convincing evidence that petitioner's failure to file valid returns was

accompanied by conduct intended to conceal, mislead, or otherwise prevent the

**[*12]** collection of taxes.  We therefore reject his belated claim of good-faith belief in the positions he espoused.

Failure To Pay Tax Shown on Returns

Section 6651(a)(2) imposes an addition to tax of up to 25% for failure to timely pay tax shown on a return.  The Commissioner has the burden of going forward to show that the addition to tax is appropriate.  See sec. 7491(c).  That burden includes showing that a return was filed for each year in issue.  Wheeler v. Commissioner, 127 T.C. 200, 210 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008).

The stipulation includes the belated returns that petitioners filed in December 2012.  On those returns they reported taxes that were due on April 15, 2006, 2007, and 2009.  The belated returns are a basis for us to determine applicability of the section 6651(a)(2) additions.  See generally Estate of Nemerov v. Commissioner, T.C. Memo. 1998-186.  Thus, respondent's burden of production has been satisfied, and petitioners must show reasonable cause in order to avoid the additions to tax.  See Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

At the time that the late returns were filed, both petitioners were still raising their frivolous positions concerning their individual income tax liabilities.  They

**[\*13]** have not shown reasonable cause, and the section 6651(a)(2) additions are sustained.

Petitioner's last-minute abandonment of his prior positions is not wasted. He may have avoided a penalty not to exceed $25,000 under section 6673 for commencing or maintaining this action primarily for delay. He should keep that section in mind, however, in deciding on his future course of conduct.

In view of respondent's concession as to Cheryl Crummey, the decision to be entered will reflect that she is not liable for any section 6651(f) penalty, but otherwise

<u>Decision will be entered</u>

<u>for respondent</u>.