T.C. Memo. 2018-91

UNITED STATES TAX COURT

JAMES R. BROWN AND OPAL FREEMAN, Petitioners <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4900-15.                    Filed June 21, 2018.

<u>Kacie N.C. Dillon</u>, for petitioners.

<u>Michael R. Harrel</u>, for respondent.

MEMORANDUM OPINION

ASHFORD, <u>Judge</u>:  By statutory notice of deficiency dated November 24,

2014, respondent determined deficiencies of $5,538 and $20,394 in petitioners'

Federal income tax for the 2009 and 2010 taxable years, respectively.  In this same

notice of deficiency, respondent also determined additions to tax pursuant to

[*2] section 6651(a)(1) of $3,192 and $6,881, and additions to tax pursuant to section 6654 of $173 and $153, for the 2009 and 2010 taxable years, respectively.[1]

This case is before the Court on petitioners' motion for entry of decision and respondent's motion for leave to file an amendment to answer, pursuant to which respondent has lodged with the Court an amendment to answer. As explained below, we will deny petitioners' motion and grant respondent's motion (and file respondent's lodged amendment to answer).

## Background

The following facts are derived from the parties' pleadings, motion papers, and the testimony and exhibits presented at a hearing that the Court conducted, as discussed below, with respect to the parties' motions. Petitioners resided in Arizona at the time the petition was filed with the Court.

When petitioners failed to timely file Federal income tax returns for the 2009 and 2010 taxable years, these years were selected for an Internal Revenue Service (IRS) examination. During the examination, on June 2, 2014, petitioners filed joint Federal income tax returns for these years.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. Some monetary amounts are rounded to the nearest dollar.

[*3]   On the 2009 joint return petitioners reported a tax liability of $9,028 and a balance due (i.e., an underpayment of tax), after application of refundable credits totaling $1,800, of $7,228.  On the 2010 joint return petitioners reported a tax liability of $8,616 and a balance due (i.e., an underpayment of tax), after application of refundable credits totaling $1,487, of $7,129.  Petitioners remitted no payment with either return.

At a time not established by the record before the issuance of the November 24, 2014, notice of deficiency, respondent assessed the reported underpayments of tax pursuant to section 6201(a)(1).  Also before the issuance of the notice of deficiency and pursuant to sections 6201(a)(1) and 6665(b), respondent assessed additions to tax for failure to timely pay under section 6651(a)(2) of $1,807 and $1,586, for 2009 and 2010, respectively.[2]  The 2010 section 6651(a)(2) addition to tax assessment was actually a partial assessment.  Petitioners' total liability for that section 6651(a)(2) addition to tax is $1,782; accordingly, the accrued but unassessed portion of this addition to tax is $196.  Respondent did not make assessments for failure to timely file returns under section 6651(a)(1) and failure to make estimated tax payments under section 6654 for 2009 or 2010.

---

[2]Respondent apparently assessed the 2010 addition to tax of $1,586 on August 11, 2014, and the 2009 addition to tax of $1,807 on September 22, 2014.

[*4]   Respondent concluded the examination, determining deficiencies for 2009 and 2010 as a result of adjustments he made to petitioners' 2009 and 2010 Schedules E, Supplemental Income and Loss, pertaining to a partnership in which they had an interest.  Respondent also determined that additions to tax for failure to timely file returns under section 6651(a)(1) and failure to make estimated tax payments under section 6654 for 2009 and 2010 should be imposed.  The November 24, 2014, notice of deficiency issued to petitioners reflects those determinations.

According to this notice of deficiency, the section 6651(a)(1) additions to tax for 2009 and 2010 were computed on the basis of the net amounts due (i.e., petitioners' total corrected liability minus allowable payments on or before the due date of each year's return[3]); no separate allocation was set forth in the notice as to what portion of the section 6651(a)(1) addition to tax for each year was attributable to (1) petitioners' self-reported tax liability and (2) the determined deficiency.  The section 6654 additions to tax for 2009 and 2010 were computed on the basis of the underpayments of tax petitioners reported on the returns for

---

[3]In this case, for 2009, the allowed payments were the reported additional child tax credit and making work pay and government retiree credits, and for 2010, the allowed payments were the reported making work pay and government retiree credits (and not the reported additional child tax credit also).

[*5] those years.  The notice correctly listed the "[p]reviously assessed/previously agreed Failure to File Penalty" and the "[p]reviously Assessed/Previously Agreed Estimated Tax Penalty" for 2009 and 2010 as zero and the "[p]reviously assessed/previously agreed Failure to Pay Penalty" for 2010 as $1,586, but incorrectly (and inexplicably) listed the "[p]reviously assessed/previously agreed Failure to Pay Penalty" for 2009 as zero.

On February 23, 2015, petitioners timely petitioned this Court for redetermination of the deficiencies and the additions to tax under sections 6651(a)(1) and 6654.  Although petitioners did not specifically contest their liability for the additions to tax under section 6651(a)(2), in the "prayer for relief" section in their petition they requested "[t]hat the Court determine that Petitioners are not liable for any penalties or additions to tax for the calendar years ended December 31, 2009 and 2010".  Petitioners also did not allege in their petition, and they do not assert in this proceeding, that we find an overpayment of either their Federal income taxes or the additions to tax for 2009 and 2010.

On April 23, 2015, respondent timely filed an answer generally denying the allegations in petitioners' petition and making no affirmative allegations regarding the section 6651(a)(2) additions to tax.

**[*6]**  Thereafter, respondent's counsel Michael R. Harrel forwarded petitioners'

case for settlement consideration to the IRS Office of Appeals (Appeals), and the

case, once received by Appeals, was assigned to Appeals Officer Dwight Krstulja

(AO Krstulja).

Settlement discussions ensued between AO Krstulja and petitioners'

counsel Kacie N.C. Dillon.  In April 2016, approximately one month before the

case was scheduled for trial at the session of the Court commencing June 6, 2016,

in Phoenix, Arizona, they believed that they had reached a basis for settlement.

AO Krstulja then proceeded to have an IRS tax computation specialist prepare tax

computations on the basis of the putative settlement.

These tax computations were ultimately reflected on a Form 5278,

Statement - Income Tax Changes, which showed in pertinent part the following

amounts due from petitioners:

| | | | Additions to tax | |
| | | Balance due or | Sec. | Sec. |
| Taxable year | Deficiency | overpayment | 6651(a)(1) | 6654 |
| 2009 | -0- | -0- | $1,807 | $173 |
| 2010 | -0- | -0- | 1,782 | 153 |

According to this Form 5278, since there was no deficiency for 2009 and

2010, the section 6651(a)(1) additions to tax were correctly computed on the basis

**[\*7]** of the underpayments of tax petitioners reported on their delinquent joint returns (i.e., $7,228 for 2009 and $7,129 for 2010). The section 6654 additions to tax were correctly computed in the same way they had been computed in the November 24, 2014, notice of deficiency, i.e., on the basis of petitioners' reported underpayments of tax. The Form 5278 also correctly listed the "[p]reviously assessed/previously agreed Failure to Pay Penalty" for 2009 as $1,807 (whereas as previously noted, see supra p. 5, the November 24, 2014, notice of deficiency listed the amount incorrectly (zero)); the form, however, incorrectly listed the "[p]reviously assessed/previously agreed Failure to Pay Penalty" for 2010 as $1,462 (whereas as previously noted, see supra p. 5, the November 24, 2014, notice of deficiency listed the amount correctly ($1,586)).[4]

On April 18, 2016, AO Krstulja faxed a copy of the tax computations to Ms. Dillon. He also indicated in the facsimile to her that she should call him with any questions and that he would return petitioners' case to Mr. Harrel on April 20, 2016. Having not heard anything further from Ms. Dillon, he assumed that she

---

[4]The parties have not addressed why the latter amount differs from that in the notice of deficiency, but neither party relies on this amount for any purpose, and thus we assume that it was merely an inadvertent error. We also note for the benefit of the parties that the computations appear not to incorporate the reduction under sec. 6651(c)(1) preventing double-counting of additions to tax under both sec. 6651(a)(1) and (2) for months for which both apply.

**[*8]** agreed with the computations and he returned the case to Mr. Harrel for preparation of a stipulated decision document.

The case was called from the calendar for the trial session of the Court at Phoenix, Arizona, on June 6, 2016. Mr. Harrel and Ms. Dillon appeared on behalf of respondent and petitioners, respectively, and informed the Court that they were unable to reach an agreement on the terms that should be included in the decision document and that therefore a basis for settlement had not been reached. Specifically, they disagreed as to the treatment in the decision document of the additions to tax under sections 6651(a)(1) and 6654 attributable to petitioners' reported underpayments of tax for 2009 and 2010, as well as the assessed section 6651(a)(2) additions to tax for those years and the unassessed section 6651(a)(2) addition to tax for 2010. It was Mr. Harrel's understanding from AO Krstulja that as part of the settlement petitioners agreed to being liable for the additions to tax under sections 6651(a)(1) and 6654 attributable to their reported underpayments of tax; accordingly, those additions to tax should be addressed in the decision document. It was also Mr. Harrel's (i.e., respondent's) position that this Court has jurisdiction over the assessed and unassessed portions of the section 6651(a)(2) additions to tax, despite their being attributable only to petitioners' reported underpayments of tax and not having been "determined" in the November 24,

**[*9]** 2014, notice of deficiency, and that therefore they too should be addressed in the decision document. Ms. Dillon's (i.e., petitioners') position was that because all of the additions to tax are related only to petitioners' reported underpayments of tax, they are assessable additions to tax beyond the scope of this Court's jurisdiction and thus should not, and cannot, be included in the decision document; accordingly, the Court should enter a decision implementing the parties' supposed agreement that (1) there is no deficiency in Federal income tax due from nor overpayment due to the petitioners for 2009 and 2010 and (2) there are no additions to tax under sections 6651(a)(1) and 6654 attributable to deficiencies for 2009 and 2010.

After being heard and in support of their respective positions, Ms. Dillon filed a motion for entry of decision on petitioners' behalf and Mr. Harrel filed a motion for leave to file an amendment to answer (and lodged an amendment to answer) on respondent's behalf. Attached to the motion for entry of decision was, inter alia, a draft decision setting forth the aforementioned supposed agreement according to Ms. Dillon. The amendment to answer sought to allege petitioners' liability for (1) the previously assessed section 6651(a)(2) addition to tax attributable to their 2009 reported underpayment of tax of $1,807 and (2) the

[*10] previously assessed and unassessed section 6651(a)(2) additions to tax attributable to their 2010 reported underpayment of tax totaling $1,782.

Later, on June 6, 2016, the Court held a hearing with regard to the parties' motions. Admitted into evidence at the hearing was (1) a copy of the Form 5278, (2) the November 24, 2014, notice of deficiency, and (3) a February 24, 2016, email from Ms. Dillon to Mr. Krstulja stating in pertinent part that "I think we are in agreement on this one. The taxpayer will accept a settlement based upon the amended K-1. I will not come for our meeting tomorrow. I will give you a call tomorrow to finalize our discussion so we can close the case." No witnesses testified for petitioners. AO Krstulja testified for respondent regarding his handling of the case, including his discussions with Ms. Dillon. During his testimony, he acknowledged that his discussions with Ms. Dillon focused on resolving the adjustments to income set forth in the November 24, 2014, notice of deficiency; they did not discuss the additions to tax.

Following the hearing and pursuant to an order of this Court, each party filed a written response objecting to the other's motion.

**[\*11]**                                   <u>Discussion</u>

I.       <u>Petitioners' Motion for Entry of Decision</u>

An agreement to settle a case before this Court is a contract; accordingly,

we apply general principles of contract law when called on to resolve whether the

litigants have reached a settlement. <u>Dorchester Indus., Inc. v. Commissioner</u>, 108

T.C. 320, 330 (1997), <u>aff'd</u>, 208 F.3d 205 (3d Cir. 2000). In a case pending before

this Court, a settlement agreement may be reached by correspondence, in the

absence of a formal document such as a closing agreement under section 7121.

<u>Manko v. Commissioner</u>, T.C. Memo. 1995-10. A prerequisite to the formation of

an agreement is that there be a "meeting of the minds", i.e., an objective

manifestation of mutual assent to its essential terms. <u>Dorchester Indus., Inc. v.</u>

<u>Commissioner</u>, 108 T.C. at 330; <u>Kronish v. Commissioner</u>, 90 T.C. 684, 693

(1988); <u>Smith v. Commissioner</u>, T.C. Memo. 2009-33; <u>Estate of Halder v.</u>

<u>Commissioner</u>, T.C. Memo. 2003-84; <u>Manko v. Commissioner</u>, T.C. Memo. 1995-

10. This principle applies even where an essential term is one over which the

Court lacks jurisdiction. <u>See</u> <u>Smith v. Commissioner</u>, slip op. at 16-17. The

determination of whether there was a meeting of the minds sufficient to constitute

a contract is one of fact. <u>Estate of Halder v. Commissioner</u>, slip op. at 6 (citing

**[*12]** <u>U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.</u>, 241 F.3d 135, 146 (2d Cir. 2001)).

On the basis of the evidence before us, we find that the parties did not reach a settlement because there was never a meeting of the minds as to several of its essential terms--the additions to tax attributable to petitioners' reported underpayments of tax for 2009 and 2010 under sections 6651(a)(1) and (2) and 6654. Indeed, petitioners acknowledge this disagreement in their motion, asking us on the one hand to enter a decision adjudicating exclusively those matters on which the parties agree (i.e., the 2009 and 2010 deficiencies and the additions to tax under sections 6651(a)(1) and 6654 attributable to those deficiencies) and asserting on the other hand that the matters on which they disagree are outside the scope of our jurisdiction. The parties, however, must agree on both the issues to be settled and the resolution of those issues; we will not enter a decision on some issues for which resolutions are agreed if the parties do not agree that those are all of the issues that they seek to resolve. Accordingly, we find that the parties did not reach a settlement agreement, and we will deny petitioners' motion.[5]

---

[5]Given that we will grant respondent's motion, our reasons for which we next discuss herein, <u>see</u> <u>infra</u> pp. 13-21, petitioners' motion is also premature.

**[\*13]** II.  Respondent's Motion for Leave To File an Amendment to Answer

Amendment of pleadings is addressed in Rule 41(a), which, as relevant here, provides that "a party may amend a pleading only by leave of Court * * *, and leave shall be given freely where justice so requires."

Respondent seeks to amend his answer by leave of Court to include the section 6651(a)(2) additions to tax attributable to petitioners' reported underpayments of tax for 2009 and 2010.  Petitioners object to our granting respondent's motion primarily on the ground that the Court lacks jurisdiction over these additions to tax.  Petitioners also maintain that respondent lacks a justifiable reason for seeking to amend his answer at such a late date (on the first day of the trial session) and that allowing respondent to do so would unduly prejudice them.[6]  We will address each contention in turn.

---

[6]Petitioners also assert in their response to respondent's motion that (1) res judicata with respect to the sec. 6651(a)(2) additions to tax is inapplicable here because having jurisdiction over an issue is a prerequisite to finding that res judicata applies and (2) if respondent's motion is granted, respondent should bear the burden of proof as to the sec. 6651(a)(2) additions to tax.  In the light of our resolution of respondent's motion, we see no need to address these assertions at this time.

**[\*14]** A.   <u>Our Jurisdiction Over Section 6651(a)(2) Additions to Tax</u>
<u>Attributable to an Amount Shown on a Taxpayer-Filed Return</u>

This Court, like all Federal courts, is a court of limited jurisdiction; our

jurisdiction and its extent are explicitly provided by statute.  Sec. 7442; <u>Naftel v.</u>

<u>Commissioner</u>, 85 T.C. 527, 529 (1985); <u>Breman v. Commissioner</u>, 66 T.C. 61, 66

(1976).  We have jurisdiction to redetermine a deficiency in income, estate, gift, or

certain excise taxes when the Commissioner issues to a taxpayer a notice of

deficiency that reflects a deficiency in respect of any of those taxes and the

taxpayer timely petitions this Court for redetermination of that deficiency.  <u>See</u>

secs. 6211-6213; Rule 13(a), (c).  But in the case of additions to tax, and

specifically as relevant here, an addition to tax under section 6651(a)(2)

attributable to an amount shown on a taxpayer-filed return, the key section of the

Code addressing whether we have jurisdiction over such additions to tax is section

6214(a).

Since 1986, section 6214(a) has provided as follows:

> SEC. 6214(a).  Jurisdiction as to Increase of Deficiency,
> Additional Amounts, or Additions to the Tax.--Except as provided by
> section 7463, the Tax Court shall have jurisdiction to redetermine the
> correct amount of the deficiency even if the amount so redetermined
> is greater than the amount of the deficiency, notice of which has been
> mailed to the taxpayer, and to determine whether any additional
> amount, <u>or any addition to the tax</u> should be assessed, if claim

**[*15]** therefor is asserted by the Secretary at or before the hearing or a rehearing. [Emphasis added.]

Prior to 1986, section 6214(a) did not contain the phrase "or any addition to the tax" but simply provided in pertinent part that "the Tax Court shall have jurisdiction to redetermine the correct amount of the deficiency * * * and to determine whether any additional amount, <u>or addition to the tax</u> should be assessed". (Emphasis added.) In <u>Estate of Young v. Commissioner</u>, 81 T.C. 879, 885 (1983), we interpreted the pre-1986 provision, holding that the provision did not confer jurisdiction upon the Court over any addition to tax under section 6651 unless that addition to tax is attributable to a deficiency (and accordingly subject to the Code's deficiency procedures).[7] Hence, we held under the facts of the case that the disputed addition to tax under section 6651(a)(2) measured by the amount of tax shown on the taxpayer's filed return fell outside of the Court's jurisdiction because it a fortiori was <u>not</u> attributable to a deficiency (and accordingly not subject to the Code's deficiency procedures).

Following our Opinion in <u>Estate of Young</u>, Congress amended section 6214(a) by inserting the word "any" before the words "addition to the tax". <u>See</u>

_____

[7]At that time, the Code's deficiency procedures pertaining to additions to tax were set forth in sec. 6659. Congress redesignated sec. 6659 as sec. 6660 in 1981, then redesignated sec. 6660 as sec. 6662 in 1982, and then lastly redesignated sec. 6662 as sec. 6665 in 1989.

[*16] Tax Reform Act of 1986, Pub. L. No. 99-514, sec. 1554(a), 100 Stat. at

2754. With this amendment, Congress explicitly sought to overrule our holding in

Estate of Young and clarify that the Tax Court has jurisdiction over additions to

tax under section 6651(a)(2) "for failure to pay an amount shown on the return

where the Tax Court already has jurisdiction to redetermine a deficiency in tax

with respect to that return."[8] See H.R. Conf. Rept. No. 99-841 (Vol. II), at II-804

(1986), 1986-3 C.B. (Vol. 4) 1, 804; S. Rept. No. 99-313, at 200 (1986), 1986-3

C.B. (Vol. 3) 1, 200.

Since that amendment, our opinions generally have been consistent with

Congress' intent. See Lee Eng'g Supply Co. v. Commissioner, 101 T.C. 189, 196

n.5 (1993) (acknowledging that the 1986 amendment of section 6214(a) grants the

Tax Court jurisdiction over additions to tax under section 6651(a)(2) in a

deficiency proceeding); Estate of Hinz v. Commissioner, T.C. Memo. 2000-6, slip

---

[8]We also note that Congress deliberately did not amend sec. 6665. See H.R. Conf. Rept. No. 99-841 (Vol. II), at II-804 (1986), 1986-3 C.B. (Vol. 4) 1, 804 ("Aside from resolving * * * [the sec. 6651(a)(2)] jurisdictional issue, the provision [i.e., amended sec. 6214(a)] does not alter the jurisdiction of the Tax Court. The provision is not intended to change existing law insofar as (1) the section 6651(a)(1) late filing addition to tax, or (2) the procedure for assessing additions to tax under section 6662(b) * * * [i.e., then sec. 6665.]"). As a result, Congress has seemingly created an inconsistency in our jurisdiction in a deficiency proceeding over additions to tax under secs. 6651(a)(1) and (2) and 6654 that are determined (i.e., measured) by the amount of tax shown on a taxpayer's return. See infra note 10.

**[*17]** op. at 64 (holding that the Tax Court has "undisputed jurisdiction" over section 6651(a)(2) additions to tax in a deficiency proceeding); Estate of Nemerov v. Commissioner, T.C. Memo. 1998-186, slip op. at 7 (holding that the Tax Court was "authorized" to decide a section 6651(a)(2) addition to tax assessed on the basis of the tax reported on the estate's delinquent return and citing the legislative history to the 1986 amendment of section 6214(a)); see also Crummey v. Commissioner, T.C. Memo. 2016-9, at *12 (holding that the taxpayers' delinquent returns were a basis for the Tax Court to determine the applicability of the section 6651(a)(2) additions to tax and citing the Court's opinion in Estate of Nemerov); cf. Newby's Plastering, Inc. v. Commissioner, T.C. Memo. 1998-320, slip op. at 4 (holding that because the Commissioner did not determine a deficiency in tax, the Tax Court lacked jurisdiction over the section 6651(a)(2) addition to tax, among other additions).

Petitioners cite Vines v. Commissioner, T.C. Memo. 2009-267, aff'd, 418 F. App'x 900 (11th Cir. 2011), in support of their assertion that we lack jurisdiction over the section 6651(a)(2) additions to tax. Such reliance is misplaced. This Memorandum Opinion in Vines arose out of a collection due process (CDP) proceeding in which the taxpayer challenged his underlying liability for the section 6651(a)(2) addition to tax. In response to an adverse notice of

[*18] determination in the CDP proceeding, the taxpayer petitioned this Court. Some months later the IRS issued the same taxpayer a notice of deficiency that included the same taxable year but did not include any section 6651(a)(2) determination. The taxpayer then petitioned this Court with regard to the notice of deficiency. Neither party raised the section 6651(a)(2) addition to tax in the deficiency proceeding. The deficiency case was decided before the CDP case in an Opinion which did not address the section 6651(a)(2) addition to tax. Vines v. Commissioner, 126 T.C. 279 (2006). The IRS then sought to invoke res judicata in the CDP case to foreclose the taxpayer's longstanding challenge to the section 6651(a)(2) addition to tax in the CDP case. In Vines v. Commissioner, T.C. Memo. 2009-267, the Court declined to apply res judicata in this manner, instead allowing the taxpayer's challenge to the section 6651(a)(2) addition to tax to go forward in the CDP case. Cf. Godwin v. Commissioner, T.C. Memo. 2003-289 (in consolidated deficiency and CDP cases, asserting jurisdiction over section 6651(a)(2) addition to tax as in the CDP case under section 6330(d)(1)(A)). Properly confined to its unusual circumstances in the application of res judicata in related deficiency and CDP cases, Vines does not stand for the proposition, as

[*19] petitioners suggest, that this Court generally lacks jurisdiction over the section 6651(a)(2) addition to tax.[9]

Consequently, contrary to petitioners' assertions and in accord with Congress' intent in amending section 6214(a), we have jurisdiction over the section 6651(a)(2) additions to tax attributable to their reported underpayments of tax for 2009 and 2010 since we have jurisdiction over the Federal income tax deficiencies for those years as reflected in the November 24, 2014, notice of deficiency (which jurisdiction we acquired when petitioners timely petitioned this Court for redetermination of those deficiencies).[10]

---

[9]In addition, we are controlled, in any event, by our precedential opinion in Lee Eng'g Supply Co. v. Commissioner, 101 T.C. 189 (1993).

[10]For the benefit of the parties, we also make clear that our jurisdiction over respondent's determination of the additions to tax under sec. 6651(a)(1) for 2009 and 2010 extends only to so much of these additions as is attributable to the deficiencies for those years, and that we lack jurisdiction over respondent's determination of the additions to tax under sec. 6654 for 2009 and 2010 because these additions are not subject to the deficiency procedures given that petitioners filed returns for those years. See Meyer v. Commissioner, 97 T.C. 555, 562 (1991); Owens v. Commissioner, T.C. Memo. 2001-314, slip op. at 9 n.5; Estate of Nemerov v. Commissioner, T.C. Memo. 1998-186, slip op. at 7; cf. Judge v. Commissioner, 88 T.C. 1175, 1187 (1987) (holding that the Tax Court has jurisdiction to determine overpayments of additions to tax under secs. 6651(a)(1) and (2) and 6654 even when such additions to tax are not subject to the deficiency procedures). However, as discussed supra pp. 11-12, these limits on our jurisdiction in this case do not preclude the parties from seeking to include these additions as part of an agreement to settle this case.

**[\*20]** B.    <u>Unfair Surprise, Disadvantage, or Prejudice</u>

Whether to allow the Commissioner to amend his answer is a matter within the sound discretion of the Court, to be based on an examination of the particular circumstances of the case before us. <u>Estate of Quick v. Commissioner</u>, 110 T.C. 172, 178 (1998). We consider in particular whether there is a justifiable reason for the Commissioner's failure to originally plead the matter he seeks to amend his pleading to include and whether the taxpayer "would suffer unfair surprise, disadvantage, or prejudice if the motion to amend were granted." <u>Id.</u> (and cases cited thereat).

There is nothing in the record that would support a finding that petitioners will suffer unfair surprise, disadvantage, or prejudice as a result of our granting respondent's motion. Indeed, petitioners have been aware of the section 6651(a)(2) additions to tax asserted against them for 2009 and 2010 since well before respondent's filing of his motion. The November 24, 2014, notice of deficiency included the correct amount of the section 6651(a)(2) addition to tax previously assessed for 2010 (although that notice incorrectly (and inexplicably) failed to include any amount previously assessed for this same addition to tax for 2009). And the Form 5278 prepared by AO Krstulja, which Ms. Dillon received approximately one month before this case was scheduled for trial, listed amounts

[*21] previously assessed for the section 6651(a)(2) additions to tax for 2009 and 2010 (although the listed amount for the section 6651(a)(2) addition to tax for 2010 was incorrect). Given these previous assessments, respondent presumably felt little compunction in explicitly placing them at issue in his answer, particularly in the light of petitioners' failure to specifically mention them in their petition. Additionally, the interaction between AO Krstulja and Ms. Dillon lends credence to respondent's claim that he did not know the section 6651(a)(2) additions to tax would be disputed until shortly before the trial session at which he filed his motion and that thus he was seeking to amend his answer "as a formality and in order to clarify the record". Consequently, it cannot be said that any filing delay was due to a failure on respondent's part to exercise reasonable diligence. Finally, because we did not actually try this case at the June 6, 2016, Phoenix, Arizona, trial session (and have not yet tried this case), petitioners' ability to gather and present at trial evidence of reasonable cause in defense to the section 6651(a)(2) additions to tax has not been hampered. Cf. Estate of Quick v. Commissioner, 110 T.C. at 180. Accordingly, we will grant respondent's motion.

We have considered all of the arguments made by the parties and, to the extent they are not addressed herein, we find them to be moot, irrelevant, or without merit.

[*22] To reflect the foregoing,

<u>An appropriate order will be issued</u>.